51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theresa PEAY-WAINWRIGHT, Plaintiff-Appellant,
v.
KQED, INC., Defendant-Appellee.
 No. 93-16969.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 16, 1995.*
Decided March 29, 1995.
 
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theresa Peay-Wainwright appeals the district court's order granting KQED's motion for summary judgment in her employment-discrimination action. We affirm.
 
 DISCUSSION
 
 3
 We engage in a three-step analysis when we review the merits of a claim brought under Title VII. First, we must determine whether Peay-Wainwright established a prima facie case of employment discrimination. To do so, she must have offered evidence that would give rise to an inference of unlawful discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). If she established a prima facie case of discrimination, KQED then bore the burden of producing evidence to show that it had a legitimate, nondiscriminatory reason for its decision. St. Mary's Honor Ctr. v. Hicks, --- U.S. ----, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). Finally, Peay-Wainwright had the burden of raising a genuine issue of material fact as to whether the proffered reason was pretextual.[1] Id. These same steps apply in Sec. 1981 cases. See Williams v. Edward Apffels Coffee Co., 792 F.2d 1482, 1484 (9th Cir.1986).
 
 A. Discriminatory Failure to Promote
 
 4
 One element of Peay-Wainwright's prima facie case of discrimination based on failure to promote was that she was qualified for the position in question. See Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir.1988). Peay-Wainwright did not present any evidence that she was qualified for the position of director of administration, the position into which Nancy Fernandez was promoted after Eugene Zastrow left. That position entailed supervising all legal affairs and managing budgeting and financial functions. Peay-Wainwright failed to present any evidence that she was qualified to assume these duties. Peay-Wainwright's personal belief that she was is insufficient.
 
 
 5
 Even if she did make out a prima facie case, KQED presented evidence of several legitimate, nondiscriminatory reasons for its decision: (1) it wanted to keep the number of employees who reported to president Anthony Tiano small, and Fernandez already reported to him while Peay-Wainwright did not; (2) Fernandez was well qualified for the position; and (3) Fernandez was well suited to take on the additional work load because she had just concluded time-consuming, yearlong labor negotiations and thus had free time on her hands.
 
 
 6
 The only reason proffered by KQED that Peay-Wainwright even attempted to refute was that Fernandez was well qualified for the position. In that regard, Peay-Wainwright presented evidence that in 1987, KQED had considered but rejected Fernandez for the position of director of human resources because it believed she was not qualified for it. But 1992 was not 1987, and by 1992 Fernandez's qualifications were markedly different. Moreover, Peay-Wainwright did not meet her burden because she did not offer any evidence that KQED's other reasons for promoting Fernandez instead of her were pretextual. See Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45, 109 S.Ct. 1775, 1787-88, 104 L.Ed.2d 268 (1989).
 
 B. Discriminatory Discharge
 
 7
 In order to make out a prima facie case of discriminatory discharge in the course of a reduction in force, one element a plaintiff must show is that others not in her protected class were treated more favorably. See Washington v. Garrett, 10 F.3d 1421, 1434 (9th Cir.1993); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1423 (9th Cir.1990).
 
 
 8
 Peay-Wainwright alleged that she was treated less favorably than others outside of her class during the reduction in force in three ways: (1) she received no advance notice of her termination; (2) she was not allowed to bump a lower-ranked employee; and (3) she was not offered another position or a consulting contract. However, the evidence did not support a contention that her treatment was less favorable than that given similarly situated workers; in fact, it supported the opposite conclusion.
 
 
 9
 Here, too, she failed to present evidence that KQED's reasons for terminating her were pretextual. Those reasons were (1) the overall need to save money by cutting the workforce, (2) eliminating a layer of management and thus tightening supervisory duties; (3) there was no unfinished business or ongoing project in the human resources department that would enable KQED to keep her on as a consultant; and (4) the director of human resources position was expendable. It had been created only in 1987, many of the duties it entailed could be and were eliminated, and the rest were easily assumed by her supervisor.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Peay-Wainwright contends that certain language in St. Mary's prohibits a grant of summary judgment after the first two steps of Burdine have been satisfactorily met by the parties. We expressly rejected this argument in Wallis v. J.R. Simplot Co., 26 F.3d 885, 889-91 (9th Cir.1994)
 
 
 [2]
 Her claim of retaliatory discharge also fails because, inter alia, she was unable to show that the reasons for her discharge were pretextual