Gary E. WALLIS, husband;  Carol Wallis, wife, Plaintiffs–Appellants,

v.

**J.R. SIMPLOT COMPANY,** Defendant–Appellee.

No. 92–36759.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1994.

Decided May 26, 1994.

As Amended on Denial of Rehearing July 14, 1994.

---

886

Robert C. Huntley, Givens Pursley & Huntley, Boise, ID, for plaintiffs-appellants.

Rory R. Jones, Richard H. Greener, Cosho, Humphrey, Greener & Welsh, Boise, ID, for defendant-appellee.

Before: CANBY, and T.G. NELSON, Circuit Judges, and SHUBB,* District Judge.

Opinion by Judge T.G. NELSON.

## OPINION

T.G. NELSON, Circuit Judge:

### I.

### OVERVIEW

Gary and Carol Wallis appeal the district court's grant of summary judgment dismissing Wallis' claims for retaliatory discharge under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.

* Honorable William B. Shubb, United States District Judge for Eastern District of California, sitting by designation.

§ 621, *et seq.*, and various state law claims.[1] We affirm.

## II.

### FACTS AND PROCEDURAL HISTORY

Gary Wallis (Wallis) was hired in 1982 by J.R. Simplot Company (Simplot) as Director of Human Resources. Early in his tenure, a female employee of Simplot made a charge of sexual harassment against a vice-president of Simplot. Wallis supported her in her claim by transferring her to another division. Later, a second employee was discharged by the vice-president for his support of the woman in the harassment claim. Wallis re-hired this discharged employee for his own staff and made supportive public statements on behalf of the employee. These events occurred sometime during 1983, 1984 and 1985.

In late 1989 and early 1990, Gordon Smith (Smith), president of Simplot, decided to de-centralize the human resources department so that it would function at the company's division level. Smith informed Wallis of the decision in June 1990. At that time, and on occasions thereafter, Smith told Wallis that Simplot would find a "new role" for him and that he would not be "hurt by the decentrali-zation process."

On September 12, 1990, Smith sent Wallis a letter terminating his employment. Wallis contends his termination closely followed his presentation to Smith of a copy of a speech which he intended to give at an annual meet-ing of Simplot's management personnel. He contends that this speech was critical of Sim-plot's employment practices, and that his dis-charge was in retaliation for this proposed speech. On the basis of these allegations,

Wallis filed suit in state court alleging viola-tions of Title VII, the ADEA, and various state law claims. Simplot removed the case to federal district court.

The district court granted summary judg-ment for Simplot on all claims as it saw them on February 12, 1992. Wallis moved for reconsideration of the judgment, claiming he had pleaded a claim of retaliatory discharge which had not been addressed by the district court. Although the complaint did not clear-ly allege this claim, the district court consid-ered the retaliatory discharge claim, and on July 7, 1992, it entered a second summary judgment adverse to Wallis on that claim also.

On July 15, 1992, Wallis moved the district court to alter or amend the second summary judgment pursuant to Fed.R.Civ.P. 59. Then, on August 4, 1992, Wallis filed a notice of appeal, appealing both summary judg-ments. Finally, on January 6, 1993, the dis-trict court entered an order denying the motion to alter or amend the second sum-mary judgment.

## III.

### JURISDICTION

■ At the time Wallis filed his notice of appeal, Rule 4(a)(4)[2] plainly stated that a notice of appeal filed during the pendency of a motion to alter or amend the judgment "shall have no effect." The Supreme Court, in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982), held that a notice of appeal filed during the pendency of a Rule 59 motion is a nullity, as if no notice of appeal were filed at all. However, Rule 4(a)(4) was amended effective December 1, 1993,[3] to pro-

---

**1.** This court affirms the district court's grant of summary judgment with respect to Wallis' state law claims in a separate, unpublished decision.

**2.** The version of Rule 4(a)(4) in effect at the time of Wallis' appeal stated:
   If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 ..., the time for appeal of all parties shall run from the entry of the order denying ... such motion. *A notice of appeal filed before the disposition of [such motion] shall have no effect.* A new notice of

appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
   Fed.R.App.P. 4(a)(4) (emphasis added).

**3.** A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal until the date of the entry of the order disposing of the last such motion outstanding. Appellate review of an or-der disposing of any of the above motions re-

vide that when a notice is prematurely filed, it "shall be in abeyance, and shall become effective upon the date of entry of an order that disposes of the last of all such motions." Under the old version of Rule 4(a)(4), applicable at the time Wallis filed the notice of appeal, the notice was a nullity. Thus, the issue becomes whether the notice may be resurrected by a retroactive application of the amended version of Rule 4(a)(4). *See Leader Nat'l Ins. Co. v. Industrial Indemnity Ins. Co.*, 19 F.3d 444, 445 (9th Cir.1994) (applying amended Rule retroactively); *Burt v. Ware*, 14 F.3d 256, 258 (5th Cir.1994) (holding amended rule applies retroactively unless it would work injustice).

The Supreme Court's order adopting the 1993 amendments to the Rules of Appellate Procedure provides:

That the foregoing amendments to the Federal Rules of Appellate Procedure shall take effect on December 1, 1993, and shall govern all proceedings in appellate cases thereafter commenced and, *insofar as just and practicable, all proceedings in appellate cases then pending.*

61 U.S.L.W. 5365 (U.S. Apr. 27, 1993) (emphasis added). Wallis' appeal was pending on December 1, 1993; thus, if the application of the 1993 amendment to this case is "just and practicable," we have jurisdiction.

The parties briefed this case and were prepared to argue it as though the notice of appeal were valid. Simplot cannot claim prejudice because it did not discover the defect in the filing of the notice of appeal until this court ordered supplemental briefing on the issue of jurisdiction after the case had already been set for oral argument. To allow the parties to proceed to present the appeal they have been working on since August 1992 is just. Further, practicality is no

problem. No adjustments in briefing schedules or in calendaring of oral argument were required in order to address the issues raised by the parties.

Under the circumstances of this case, we hold that it is "just and practicable" to apply the amended version of Rule 4(a)(4) to this case. Therefore, we have jurisdiction to consider the appeal.

## IV.

### STANDARD OF REVIEW

"We review the district court's grant of summary judgment *de novo* to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Sengupta v. Morrison–Knudsen Co.*, 804 F.2d 1072, 1074 (9th Cir.1986). We do not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The record below is examined to determine whether there is any basis for affirmance. *Lowe v. City of Monrovia*, 775 F.2d 998, 1007 (9th Cir.1985), *as amended*, 784 F.2d 1407 (1986). If the result reached by the district court is correct, we will affirm even if the district court relied on an erroneous ground. *Id.*

## V.

### RETALIATORY DISCHARGE AND AGE DISCRIMINATION

We combine the Title VII and ADEA claims for analysis because the burdens of proof and persuasion are the same.[4] *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417,

---

quires the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment shall file an amended notice of appeal within the time prescribed by this Rule 4 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

4. Wallis also makes a claim under the Idaho Human Rights Act (IHRA), I.C. § 67–5901, et seq. The Idaho Supreme Court has held the analysis under Title VII applies to claims under IHRA. *See Hoppe v. McDonald*, 103 Idaho 33, 644 P.2d 355, 358 (1982). *See also Sengupta v. Morrison–Knudsen Co., Inc.*, 804 F.2d 1072, 1077 (9th Cir.1986). Accordingly, our decision resolving Wallis' Title VII claim also resolves his IHRA claim.

1420 (9th Cir.1990) ("The shifting burden of proof applied to a Title VII discrimination claim also applies to claims arising under ADEA."). The basic allocation of burdens and order of presentation of proof for such claims follows three steps:

> [A] plaintiff must first establish a *prima facie* case of discrimination. If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.

*Lowe,* 775 F.2d at 1005.

■ The requisite degree of proof necessary to establish a *prima facie* case for Title VII and ADEA claims on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence. *See Yartzoff v. Thomas,* 809 F.2d 1371, 1375 (9th Cir.1987), *cert. denied,* 498 U.S. 939, 111 S.Ct. 345, 112 L.Ed.2d 309 (1990). The plaintiff need only offer evidence which "gives rise to an inference of unlawful discrimination." *Lowe,* 775 F.2d at 1005 (quotation omitted). "The amount [of evidence] that must be produced in order to create a *prima facie* case is 'very little.'" *Sischo–Nownejad v. Merced Community College Dist.,* 934 F.2d 1104, 1111 (9th Cir.1991); *see also, Lowe,* 775 F.2d at 1009. "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

■ The *prima facie* case may be based either on a presumption arising from the factors such as those set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), or by more direct evidence of discriminatory intent. *Lowe,* 775 F.2d at 1009. In offering a *prima facie* case, of course, a plaintiff may present evidence going far beyond the minimum requirements.

■ Once a *prima facie* case has been made, the burden of production shifts to the defendant, who must offer evidence that the adverse action was taken for other than impermissibly discriminatory reasons. *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094. Once the defendant fulfills this burden of production by offering a legitimate, nondiscriminatory reason for its employment decision, the *McDonnell Douglas* presumption of unlawful discrimination "simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks,* ——— U.S. ———, ———, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993).

■ The question before us is whether, after these steps have been taken, a summary judgment for the defendant employer can be sustained. We are convinced that, as in any other summary judgment situation, the question can only be answered in each case by a review of the actual evidence offered by each party, to see whether a genuine issue of material fact has been presented for trial. If a rational trier of fact could, on all the evidence, find that the employer's action was taken for impermissibly discriminatory reasons, summary judgment for the defense is inappropriate. Before we analyze the record in this case, however, we deal with some of the more categorical arguments offered by the parties.

Wallis relies on our decision in *Sischo–Nownejad,* 934 F.2d at 1104, for the proposition that summary judgment for the employer is never appropriate after the plaintiff makes out a *prima facie* case. In that case, we noted:

> Even if the defendant articulates a legitimate, nondiscriminatory reason for the challenged employment decision, thus shifting the burden to the plaintiff to prove that the articulated reason is pretextual, summary judgment is normally inappropriate. When a plaintiff has established a *prima facie* inference of disparate treatment through direct or circumstantial evidence of discriminatory intent, he will *necessarily* have raised a genuine issue of material fact with respect to the legitimacy or bona fides of the employer's articulated reason for its employment decision.

*Id.* at 1111 (internal quotations and citations omitted). However, we went on to state:

> [I]n evaluating whether the defendant's articulated reason is pretextual, the trier of fact must, at a minimum, consider the same evidence that the plaintiff introduced to establish her *prima facie* case. When that evidence, direct or circumstantial, *consists of more* than the [*prima facie* ] presumption, a factual question will almost always exist with respect to any claim of nondiscriminatory reason.

*Id.* (internal citation omitted) (emphasis added). *Sischo–Nownejad,* thus, read as a whole, stands for the proposition that in deciding whether an issue of fact has been created about the credibility of the employer's nondiscriminatory reasons, the district court must look at the evidence supporting the *prima facie* case, as well as the other evidence offered by the plaintiff to rebut the employer's offered reasons. And, in those cases where the *prima facie* case consists of no more than the minimum necessary to create a presumption of discrimination under *McDonnell Douglas,* plaintiff has failed to raise a triable issue of fact.

Thus, the mere existence of a *prima facie* case, based on the minimum evidence necessary to raise a *McDonnell Douglas* presumption, does not preclude summary judgment. Indeed, in *Lindahl v. Air France,* 930 F.2d 1434, 1437 (9th Cir.1991), we specifically held "a plaintiff cannot defeat summary judgment simply by making out a prima facie case." "[The plaintiff] must do more than establish a prima facie case and deny the credibility of the [defendant's] witnesses." *Schuler v. Chronicle Broadcasting Co.,* 793 F.2d 1010, 1011 (9th Cir.1986). In response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce "specific, substantial evidence of pretext." *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983). In other words, the plaintiff "must tender a genuine issue of material fact as to pretext in order to avoid summary judgment." *Id.*

Wallis' assertion, that once a plaintiff makes out a *prima facie* case summary judgment is impermissible, is untenable. His position would require a trial in every discrimination case, even where no genuine issue of material fact exists concerning the legitimacy of the employer's nondiscriminatory reasons. Such a result is not compelled by *Sischo–Nownejad* and would be contrary to other cases affirming summary judgment where the plaintiff failed to produce evidence of intentional discrimination. *See Federal Deposit Ins. Corp. v. Henderson,* 940 F.2d 465, 473 n. 16 (9th Cir.1991) (distinguishing *Lowe* and *Sischo–Nownejad* ); *Lindahl,* 930 F.2d at 1437 (requiring more than mere *prima facie* case); *Schuler,* 793 F.2d at 1011; (requiring more than *prima facie* case and denial of credibility of employer's witnesses); *Steckl,* 703 F.2d at 393 (failing to produce any facts, which if believed, would have shown pretext).

There are a number of recent cases in other circuits that have required plaintiffs to come forth with evidence sufficient to permit a rational trier of fact to find the employer's explanation to be pretextual; the mere fact that a bare *prima facie* case had been made out was not in itself sufficient. *See Davis v. Chevron U.S.A.,* 14 F.3d 1082, 1087 (5th Cir. 1994) (failing to present more than mere refutation of employer's legitimate nondiscriminatory reason for not hiring); *Durham v. Xerox Corp.,* 18 F.3d 836, 340 (10th Cir. 1994) (failing to offer sufficient evidence to support finding that reason was pretext); *Anderson v. Baxter Healthcare Corp.,* 13 F.3d 1120, 1124 (7th Cir.1994) (requiring plaintiff to produce evidence from which rational fact finder could infer employer lied); *Mitchell v. Data Gen. Corp.,* 12 F.3d 1310, 1316 (4th Cir.1993) (requiring evidence creating factual dispute about nondiscriminatory reason); *Geary v. Visitation of the Blessed Virgin Mary,* 7 F.3d 324, 332 (3rd Cir.1993) (failing to offer facts showing genuine issue of fact as to reason); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 843 (1st Cir.1993) (requiring evidence sufficient for fact finder to reasonably conclude discriminatory motive), *cert. denied,* —— U.S. ——, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). We hold that, when evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal *prima facie*

case based on a *McDonnell Douglas* type presumption.

We now turn to the specific facts of this case to determine whether Wallis met his requisite burden to overcome summary judgment. Generally, to establish a *prima facie* case of an ADEA violation, the plaintiff must show he was:

(1) a member of a protected class [age 40–70];

(2) performing his job in a satisfactory manner;

(3) discharged; and

(4) replaced by a substantially younger employee with equal or inferior qualifications.

*Rose,* 902 F.2d at 1421. Proof of the replacement element is not always required, however. Where the discharge results from a reduction in work force, the plaintiff may show "through circumstantial, statistical or direct evidence that the discharge occurred under circumstances giving rise to an inference of age discrimination." *Id.* Such an inference can be established by showing the employer had a "continuing need for his skills and services in that his various duties were still being performed." *Id.* (quoting *Leichihman v. Pickwick Int'l,* 814 F.2d 1263, 1270 (8th Cir.), *cert. denied,* 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987)); *see also Washington v. Garrett,* 10 F.3d 1421, 1434 (9th Cir.1993) (*prima facie* case established by proving others not in employee's protected class were treated more favorably).

The first three elements of the *prima facie* case are not contested by Simplot. Regarding the fourth element, Wallis claimed that twelve of the thirteen functions he performed were retained at the corporate level, and that all his duties were assigned to persons younger and less qualified than he. Wallis was not replaced because his position was eliminated; instead, current employees of Simplot assumed Wallis' duties. In this respect, Wallis' claim is more analogous to a reduction in force situation which does not require proof

of replacement, but allows alternative proof of an inference of age discrimination. Because very little evidence is required to establish a *prima facie* case, we conclude he has met this burden.

We also find Wallis met his minimal burden of establishing a *prima facie* case for a Title VII claim. Proof of a *prima facie* case of retaliatory discharge requires a showing that:

(1) he was engaged in a protected activity;

(2) he was thereafter subjected by his employer to an adverse employment action; and

(3) a causal link exists between the protected activity and the adverse employment action.

*Yartzoff,* 809 F.2d at 1375.

Wallis contends his proposed speech, which he intended to give at an annual meeting of Simplot's management personnel and which he shared with Smith, constituted a protected activity.[5] Further, he contends he was discharged in retaliation for the proposed speech. The district court held the speech was not a protected activity because it was not critical of Simplot's actions. It read Wallis' proposed speech as merely setting forth perceptions of the company gained directly from employees during a recent facilities tour and providing suggestions to management on how to counter or ameliorate the adverse employee views expressed during the tour.

The district court's view of the speech is supportable. When viewed in the context of the tour and Wallis' responsibilities, it can be fairly interpreted as not critical of Simplot, but simply descriptive of problems which employees relayed to Wallis. However, there are some isolated passages which can be read as critical of Simplot, and Smith may have possibly interpreted the speech as critical. Therefore, we disagree with the district court and hold that Wallis established a *prima facie* case of retaliatory discharge.

---

5. Wallis also contends his support of a female employee who brought a sexual harassment claim against a Simplot executive and of another employee who supported her in this claim was a protected activity. We need not resolve this issue, however, because Wallis concedes these events occurred sometime during 1983, 1984 and 1985, and were not in close proximity to his termination.

Accordingly, because Wallis established *prima facie* cases to support his Title VII and ADEA claims, the burden shifts to Simplot to offer a legitimate, nondiscriminatory reason for Wallis' termination. Simplot offers such a reason. In response to Wallis' claims, Simplot asserts Wallis was not terminated because of his age or in retaliation for the proposed speech. Instead, Simplot claims Wallis' termination was a result of its decision to decentralize the human resources function, and as a result of this decentralization, Wallis' supervisory duties were assumed by others at the corporate level, and the human resources function was moved to the division level. Because Simplot offers this legitimate, nondiscriminatory reason for Wallis' termination, it has carried its burden of production, and the presumptions created by the *prima facie* cases disappear. *See Hicks,* — U.S. at ——, 113 S.Ct. at 2749. This is true even though there has been no assessment of the credibility of Simplot at this stage. *Id.; Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094.

The presumptions having dropped out of the picture, we are left with the ultimate question of whether Wallis has offered evidence sufficient to permit a rational trier of fact to find that Simplot intentionally discriminated against him because of his age or retaliated against him for his proposed speech. *See Hicks,* — U.S. at ——, 113 S.Ct. at 2749. In determining whether there is a triable issue of fact, we must consider all the evidence, including that offered to establish the *prima facie* cases and to rebut Simplot's reason as pretextual together with any other evidence.

Wallis' response to Simplot's nondiscriminatory reason is merely that the functions he performed continue to be performed by other Simplot employees and that supervisory duties remained at the corporate level which is the same proof he offered to establish his *prima facie* case. Wallis offers no additional proof of age discrimination either direct, circumstantial or statistical.[6] Further, he offers no additional proof of a retaliatory motive. Wallis' response that other employees assumed his duties merely serves to reinforce the Simplot's explanation for his termination: the company was decentralizing Wallis' function and downsizing by requiring other employees to assume his duties. In essence, Wallis has simply showed that an adverse employment decision was made under conditions that permitted him to invoke a *McDonnell Douglas* type of presumption of unlawful discrimination. That evidence, although it sufficed to establish a minimal *prima facie* case, is not enough now that Simplot has offered a nondiscriminatory explanation, and nothing in Wallis' evidence controverts it. Because Wallis failed to present any evidence to refute Simplot's legitimate, nondiscriminatory reason for his discharge, we hold Wallis failed to carry his burden of establishing a triable issue of fact on the ultimate question of whether Simplot intentionally discriminated or retaliated against him.

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Simplot.

---

6. After summary judgment on Wallis' ADEA claim, Wallis moved for reconsideration of the judgment under Rule 59. In support of the motion, Wallis' lawyer submitted an affidavit showing the ages of various people terminated by Simplot prior to Wallis' termination. No attempt was made to show why this information was not presented at the summary judgment hearing; Wallis did not claim the evidence was unavailable to him at the time of summary judgment. The district court denied the motion for reconsideration without comment. Implicit in its denial was the rejection of the tardy affidavit. This rejection was well within the district court's discretion. The district court is required only to consider the tardy affidavit if it constituted "newly discovered evidence" within the meaning of Rule 59. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir. 1987). Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence. *See id.* at 212. We similarly decline to accept the tardy affidavit.