56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gilbert RAMOS, Plaintiff-Appellant,
v.
SECRETARY OF DEFENSE; Les Aspin, Defendants-Appellees.
 No. 94-55903.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilbert Ramos appeals the district court's grant of summary judgment for defendant Secretary of Defense ("Secretary") in his Title VII action alleging discrimination on the basis of his national origin. 42 U.S.C. Sec. 2000e-2(a)(1) ("Title VII"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir. 1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir. 1991), cert. denied, 112 S. Ct. 1603 (1992).
 
 
 4
 Ramos contends that the district court erred by granting summary judgment for the Secretary because there is a genuine issue of material fact as to whether he was not selected for the position of Supervisory Cost/Price Analyst with the Defense Logistics Agency because he is Hispanic. This contention lacks merit.
 
 
 5
 To prove discrimination under Title VII, a plaintiff must first establish a prima facie case. See Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir. 1991). To make a prima facie case, a plaintiff must show that (1) he or she belongs to a protected class, (2) he or she was qualified for the job, (3) an employment decision was made despite these qualifications, and (4) the position remained open and the employer continued to consider applicants with comparable qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the plaintiff makes this showing, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. Lindahl, 930 F.2d at 1437. Once the defendant articulates a nondiscriminatory reason, the burden then shifts back to the plaintiff to prove that this reason was pretextual. Id. Summary judgment generally is not appropriate in a Title VII case when the plaintiff has established a prima facie case. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1111 (9th Cir. 1991). Nonetheless, "in deciding whether an issue of fact has been created about the credibility of the employer's nondiscriminatory reasons, the district court must look at the evidence supporting the prima facie case, as well as the other evidence offered by the plaintiff to rebut the employer's offered reasons .... [W]here the prima facie case consists of no more than the minimum necessary to create a presumption of discrimination under McDonnell Douglas, plaintiff has failed to raise a triable issue of fact," Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir. 1994).
 
 
 6
 Here, Ramos established a prima facie case of discrimination by submitting evidence that (1) he was Hispanic, (2) he was qualified for the position of Supervisory Cost/Price Analyst, (3) he was not given this position, and (4) that the position was given to a white female. See McDonnell Douglas, 411 U.S. at 802. The Secretary then articulated a legitimate, nondiscriminatory reason for the hiring decision, namely that the hiree was better qualified for the position than Ramos. In support of the hiring decision, the Secretary submitted evidence that: (1) the position was supervisory and the hiree had considerable supervisory experience while Ramos had very little; (2) the hiree had completed 20 continuing eduction classes in job related areas and Ramos not completed any; (3) the hiree had scored higher on the interview; and (4) the hiree had submitted two Performance Appraisals with the highest possible overall score, "exceptional," while Ramos submitted only one Performance Appraisal with a score of "highly successful."
 
 
 7
 In response, Ramos reiterated the evidence which he used to establish his prima facie case, and reemphasized that discriminatory intent could be inferred because (1) he was better qualified than the hiree, and (2) the hiree should not have been considered for the position because she did not submit a Supplemental Experience Questionnaire with her application. We agree with the district court that these allegations do not raise a genuine issue of fact as to discriminatory intent. First, there was ample evidence in the record that the hiree was at least as qualified, if not more qualified, for the position than Ramos. Second, contrary to Ramos' assertion, the Supplemental Experience Questionnaire was not a required part of the application, and thus the hiree was properly considered for the position.
 
 
 8
 Because the Secretary articulated a nondiscriminatory reason for not selecting Ramos, and because Ramos' "case consist[ed] of no more than the minimum necessary to create a presumption of discrimination under McDonnell Douglas," Wallis, 26 F.3d at 890, the district court properly granted summary judgment for the Secretary. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3