67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Veronica D. ESPARZA, Plaintiff-Appellant,
v.
PRECISION CASTPARTS CORPORATION, an Oregon corporation,
Defendant-Appellee.
 No. 94-35467.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1995.
Decided Sept. 26, 1995.
 
 Before: SCHROEDER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * At the end of appellant Esparza's case, the district court entered judgment as a matter of law against her as to claims of unlawful conduct taking place prior to August 21, 1991 ("the time-barred claims").[1] In doing so, the district court erred. A factual question existed as to whether those claims constituted part of a continuing violation. However, the error was non-prejudicial.
 
 
 3
 In order to establish a continuing violation, a plaintiff must show a series of related acts, one or more of which falls within the limitations period. Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1480 (9th Cir.1989). In this case, having heard all the plaintiff's evidence as to non-time-barred and time-barred claims, the jury found that no acts of unlawful discrimination occurred within the statute of limitations period. Accordingly, Esparza could not have established a claim of continuing violation even if the jury had been permitted to find in her favor on the time-barred claims.[2]
 
 
 4
 In addition, Esparza contends that the district court's jury instruction as to her pre-August 21, 1991 claims was in error. The district court instructed the jury that evidence of pre-August 21, 1991 acts of the defendant could be considered in evaluating the truthfulness of defendant's testimony regarding its post-August 21, 1991 acts. Although the instruction should probably have been put in more direct, or less limited, terms, see e.g., Bouman v. Block, 940 F.2d 1211, 1218 (9th Cir.), cert. denied, 502 U.S. 1005 (1991), once again, we conclude that any error was not prejudicial. The instruction had the same practical effect as would an instruction that the jurors could consider the earlier acts as directly probative of whether the defendants committed the acts. Accordingly, while an instruction along the latter lines would have been preferable, we cannot say that the district court abused its discretion in giving the instruction it did.
 
 II
 
 5
 Esparza also argues that the district court's instruction that the jury should not evaluate the "wisdom" of Precision's managerial decisions was erroneous and misallocated the burden of proof. Esparza suggests that the instruction would have caused the jury to believe that it was not free to evaluate the "legitimacy" of those decisions and thus limited its ability to determine whether any of them were "pretextual." We disagree. We conclude that there is a clear difference between disagreeing with the correctness of a decision and finding that the decision was pretextual and did not constitute a bona fide reason for the discharge at issue. The jury could certainly follow the court's instruction not to evaluate the wisdom of Precision's managerial decisions and still find that the proffered reasons were not the true reasons for the employment decision. See e.g., Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (describing the basic allocation of burdens and order of presentation of proof in Title VII case).
 
 III
 
 6
 Esparza's Oregon wrongful discharge claim is limited to the claim that she was discharged in retaliation for her resistance to discrimination. Again, in this claim, Esparza argues that the district court misstated the elements to be proved at trial. At no point in the wrongful discharge instruction did the court instruct the jury that Esparza's resistance to discrimination need not be the only factor in Precision's decision to lay her off, just a substantial or motivating one. See, e.g. Nelson v. Emerald People's Utility Dist., 116 Or.App. 366, 840 P.2d 1384, 1389 (1992) (approving instruction with "substantial factor" language); Holien v. Sears, Roebuck and Co., 298 Or. 76, 689 P.2d 1292, 1299 n. 5 (1984) ("A common law or statutory cause of action for wrongful discharge emanating from sex discrimination is restricted to cases when sex is for no legitimate reason a substantial factor in the discrimination.").
 
 
 7
 Once again, however, any error in the instruction is harmless. The jury found in connection with Esparza's Title VII claim that Precision did not terminate her in retaliation for her resistance to discrimination. The instruction on which the jury based that decision set forth the substantial factor test. Therefore, the erroneous instruction in connection with the state claim, informing the jury that Esparza was required to show that resistance to discrimination was the sole reason for her termination, was harmless. It follows necessarily from the jury's decision regarding the federal claim that it would have reached the result it did in connection with the state claim even if it had been properly instructed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Esparza filed her administrative discrimination complaint with the Oregon Bureau of Labor and Industries on June 16, 1992--300 days after August 21, 1991
 
 
 [2]
 Esparza's cases is different from one in which the district court, having improperly rejected plaintiff's theory of continuing violation, excludes evidence of "time-barred" claims. See, e.g. West v. Philadelphia Electric Co., 45 F.3d 744, 757 (3rd Cir.1995) (vacating judgment entered after jury trial based upon finding that "the district court abused its discretion in holding that pre-1990 evidence was not admissible as proof of a continuing violation of a hostile work environment unless it involved either the same actor or the same form of conduct"). Here, the jury heard all appellant's evidence as to pre-August 21, 1991 acts and was instructed to consider it in assessing the credibility of Precision's justifications for post-August 21, 1991 acts