78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zaid A. AZIZ, Plaintiff-Appellant
v.
LARRY'S MARKETS, INC., Defendant-Appellee.
 No. 95-35038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1996.
Decided March 5, 1996.
 
 1
 Before: HALL and LEAVY,* Circuit Judges, and RAFEEDIE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Zaid Aziz brought this action under 42 U.S.C. §§ 1982 and 2000a-2, alleging that a security guard at Larry's Market deprived Aziz of his civil rights by calling the police when he saw Aziz use three bank cards in an ATM. We agree with the district court that Aziz has failed to raise a triable issue of fact. As stated in Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989), the plaintiff has the initial burden of proving, by a preponderance of evidence, a prima facie case of discrimination. To defeat a summary judgment motion, a plaintiff must do more than establish a prima facie case and deny the credibility of the defendant's witness. Schuler v. Chronicle Broadcasting Co., Inc., 793 F.2d 1010, 1011 (9th Cir.1986). "In response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce 'specific, substantial evidence of pretext.' " Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994) (citing Steckl v. Motorola, Inc., 7-03 F.2d 392, 393 (9th Cir.1983)).
 
 
 4
 We cannot conclude that Aziz's burden is met. Tyrell attested that his 911 call was not racially motivated. Aziz offers no real evidence to dispute Tyrell's claim. It is not enough for Aziz to point out that the police were never called to investigate a white ATM customer; according to the record, no other customer of any race had been treated this way. Aziz was the only one. The mere fact that he is black cannot establish disparate treatment when no relevant comparator exists.
 
 
 5
 Aziz would bootstrap his allegation with the expert testimony of Dr. Sawyer, who interpreted Tyrell's actions--principally his misstatements to the emergency services operator--as evidence of racial bias. She opined that Tyrell's behavior indicated his infection by a racial prejudice endemic to American culture. This is conjecture. Tyrell may or may not partake of the common stereotypes attached to black men. Truly relevant evidence would have focused on attitudes held by Tyrell himself. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, ... or is not significantly probative, ... summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, (1986) (citations omitted).
 
 
 6
 It was a regrettable incident indeed which gave rise to this suit. We are sympathetic. However, it takes hard evidence to build a case. Here the evidence is lacking. Accordingly, we affirm the order of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Judge Leavy was drawn to replace Judge Trott. He has read the briefs, reviewed the record, and listened to the tape of oral argument held on February 9, 1996
 
 
 **
 Hon. Edward Rafeedie, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3