83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raza IQBAL, Plaintiff-Appellant,
v.
BERKELEY MARINA MARRIOTT MANAGEMENT; Mark Lucus; Kimberly
Caldwell; Brenda Miller; Sheldon Bright,
Defendants-Appellees.
 No. 95-15823.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raza Iqbal appeals pro se the district court's summary judgment for defendants in his employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and affirm.
 
 
 3
 Iqbal contends that the district court erred by concluding that he failed to present specific, substantial evidence that defendants' explanation for his termination was a pretext for discrimination. Upon our review of the record, we conclude that the district court properly granted summary judgment for defendants. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994).
 
 
 4
 Iqbal also argued that defendants had discriminatorily failed to promote him, retaliated against him when he complained about this failure, denied him a raise, falsified performance evaluations and harassed him. Because these "[i]ncidents of discrimination [were] not included in [Iqbal's] EEOC charge," the district court properly concluded that they could not be raised as part of the instant complaint. See Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1475-76 (9th Cir.1989).
 
 
 5
 Iqbal's claims that defendants had defamatorily "blacklisted" him from future employment and had committed fraud by representing themselves as non-discriminatory employers depended on a finding of discriminatory conduct. Iqbal's claims that defendants had purged his personnel file, had concealed an internal appeals process, and had engaged in some kind of misconduct regarding publication of the employee handbook were not supported by any evidence. Accordingly, the district court did not err by granting summary judgment for defendants on these claims.
 
 
 6
 Finally, Iqbal's claim of assault was barred by the statute of limitations, see Cal.Civ.Proc. § 340(3), and there was no evidence to support Iqbal's claim of intentional infliction of emotional distress, see Davidson v. City of Westminster, 649 P.2d 894, 901 (Cal.1982) (requiring "extreme and outrageous conduct" for claim of intentional infliction of emotional distress).
 
 
 7
 Insofar as Iqbal is arguing on appeal that the district court erred by dismissing the individual defendants because they are not individually liable for the charges which Iqbal raised, we conclude that the district court properly dismissed Iqbal's employment discrimination claims against these individual defendants. See Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587-88 (9th Cir.1993), cert. denied, 114 S.Ct. 1094 (1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3