141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William HUGHES, Plaintiff-Appellant,
v.
THE BOEING COMPANY, a Delaware Corporation; Boeing
Information Services, a Delaware Corporation,
Defendants-Appellees.
 No. 96-36082.
D.C. No. CV-95-01327-BJR.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Mar. 6, 1998.
Decided Mar. 25, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Barbara Jacobs Rothstein, District Judge, Presiding.
 Before SCHROEDER, ALARCON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Hughes appeals the district court's grant of summary judgment for The Boeing Company ("Boeing") and its subsidiary, Boeing Information Services ("Boeing-IS"). We affirm.
 
 
 3
 Although Hughes need only submit "very little" evidence to establish a prima facie case of age discrimination in employment and retaliatory discharge, Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (internal quotation and citation omitted), he must offer more than mere allegations of discriminatory intent. Hughes failed to establish a prima facie case for his three retaliation claims because there is no evidence of a causal link between what he describes as his protected activities and the adverse employment decisions. See Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987). Hughes' age discrimination claim, the creation of Boeing-IS and transfer of Boeing employees to the company, fails for a similar reason: there is no evidence that age played any part in the transfer decision or that the transferred employees suffered any adverse consequences.
 
 
 4
 Hughes did establish a prima facie case of age discrimination for his claim regarding his layoff from Boeing-IS in 1994. Summary judgment is appropriate, however, "when evidence to refute the [employer]'s legitimate explanation is totally lacking." Wallis, 26 F.3d at 890-91. Hughes failed to submit "specific, substantial evidence" that Boeing-IS's reason for hiring a younger person for the controller position was pretextual. Id. at 890 (internal quotation and citation omitted).
 
 
 5
 Hughes' promissory estoppel claim also fails because the evidence shows that Hughes transferred to Huntsville, Alabama on "extended temporary assignment" until the award of the PrISMS contract. Thus, Hughes never permanently relocated to Huntsville. He received all the benefits he was due under Boeing's relocation program.
 
 
 6
 Finally, the district court did not abuse its discretion in striking Hughes' Motion to Compel Discovery as moot. The district court properly determined that statistical information regarding all paycode 7 employees in job transitions at Boeing and Boeing-IS was not relevant to Hughes' claims. Hughes was afforded the opportunity to discover statistical data about finance and business management jobs at Boeing-IS and Boeing's Computer Services division and Defense and Space Group to substantiate the inference of discrimination. See Diaz v. AT & T, 752 F.2d 1356, 1362-63 (9th Cir.1985). Thus, this is not a case when summary judgment is "patently inappropriate." See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3