Kelly A. WOOD, Plaintiff—Appellant,

v.

WICK COMMUNICATIONS COMPANY, Defendant— Appellee.

Kelly A. Wood, Plaintiff—Appellee,

v.

Wick Communications Company, Defendant—Appellant.

Nos. 00–17397, 01–15230.

D.C. No. CV–98–01074–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided March 20, 2002.

---

Before REINHARDT and FISHER, Circuit Judges, and MOLLOY,* District Judge.

## MEMORANDUM **

Kelly Wood brought this action against her former employer, Wick Communications, alleging that her termination as the advertising director of Prime Magazine was motivated by gender discrimination, in violation of Title VII of the Civil Rights Act of 1964. The district court granted summary judgment in favor of Wick, finding that Wood failed to state a *prima facie* case of gender discrimination. The district court also held that in the alternative, even if Wood had stated a *prima facie* case, she had not raised a genuine question of material fact about whether Wick's proffered non-discriminatory reason for her termination, a reduction-in-force through the combination of two publications' advertising departments, was pretextual. Wood appeals the grant of summary judgment in favor of Wick, and we reverse.

We have held on many occasions that establishing a *prima facie* case is a "minimal" burden. *See, e.g., Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998); *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir.1994); *Sischo–Nownejad v. Merced Cmty. Coll. Dist.,* 934 F.2d 1104, 1111 (9th Cir.1991). Here, Wood put forth direct evidence of gender bias that more than adequately supported a *prima facie* case. For instance, Wood offered her own testimony, which was corroborated by that of other witnesses, that her supervisor stated on a number of occasions that a "young woman" could not per-

---

* The Honorable Donald Molloy, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

form her job.[1] This evidence alone raises the minimal inference of discrimination necessary to support a *prima facie* case.

■ Following the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Wick rebutted Wood's *prima facie* case by asserting that her termination was part of a legitimate, non-discriminatory reduction-in-force affecting the entire company. The district court then held that, assuming Wood had stated a *prima facie* case of gender discrimination, she had failed to create a genuine question of material fact as to whether Wick discriminated against her. However, "[w]hen the plaintiff offers direct evidence of discriminatory motive, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial." *Godwin*, 150 F.3d at 1221–22. Indeed, we have held that:

> ■n evaluating whether the defendant's articulated reason is pretextual, the trier of fact must . . . consider the same evidence that the plaintiff introduced to establish her *prima facie* case. When that evidence, direct or circumstantial, consists of more than the [*prima facie*] presumption, a factual question will almost always exist with respect to any claim of nondiscriminatory reason.

*Sischo–Nownejad*, 934 F.2d at 1111.

■ Here, the comments by Wood's supervisor are sufficient direct evidence of discriminatory motive to raise a genuine question of material fact regarding his reasons for terminating her. *See* note 1, *supra*. A finder of fact could reasonably construe the supervisor's comments as expressing a gender stereotype motivated by an unlawful bias. *See Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1150 (9th Cir.1997). It is significant that the comments were not isolated "stray remark[s]," *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1439 (9th Cir.1990), but instead occurred repeatedly. Moreover, the supervisor's statements were not general expressions of stereotypical viewpoints, but could be construed as directly related to whether Wood could perform her job.[2] Wood has therefore raised a genuine question of material fact about the reason for her termination, and we reverse the district court's grant of summary judgment in Wick's favor.

Wick cross-appeals the denial of its motion for attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k). Because we reverse the district court's grant of summary judgment in Wick's favor, that appeal is dismissed as moot.

**REVERSED and REMANDED.**

---

1. Because we review the district court's grant of defendant's summary judgment, we make every reasonable factual inference in favor of the plaintiff.

2. Wood also offered other evidence of discriminatory animus. For instance, she alleged that her supervisor would regularly brush up against her in the hallways of their offices when it was obviously unnecessary for him to do so, and then—without provocation—state that he did not mean the contact to be sexual. We have held that evidence of offensive behavior may afford insight into a supervisor's motivation for employment decisions. *Anderson v. Reno*, 190 F.3d 930, 937 (9th Cir.1999)