Robert J. FAHL, Plaintiff—Appellant,

v.

Gordon R. ENGLAND, Secretary of the Navy, Defendant—Appellee.

No. 04–16713.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 22, 2005.

Decided Dec. 2, 2005.

**912**

Venetia K. Carpenter–Asui, Esq., V.K. Carpenter–Asui, Honolulu, HI, for Plaintiff–Appellant.

Michael Burke, Esq. USH—Office of the U.S. Attorney, Honolulu, HI, for Defendant–Appellee.

Before: BRIGHT,* MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Plaintiff Robert Fahl brought an action against his employer, the United States Navy, for age and race discrimination and retaliation under the ADEA and Title VII of the Civil Rights Act, claiming that his employment as an interior designer was terminated based on such impermissible motives. Applying the burden-shifting analysis developed by the case law under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the District Court granted summary judgment for the Navy on each of Fahl's claims. Because Fahl failed to meet his evidentiary burdens under the *McDonnell Douglas* burden-shifting framework, we affirm.

■ With regard to the discrimination claims, Fahl was able to establish a prima facie case of age and race discrimination, which carries only a minimal evidentiary burden, *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir.1994), through evidence of several incidents involving derogatory remarks. In response, the Navy had the burden of rebutting the presumption of discrimination by articulating a legitimate explanation for the employment decision. *McDonnell Douglas,* 411 U.S. at 801, 93 S.Ct. 1817. The Navy put forth evidence that Fahl's reduction in force was made pursuant to a reorganization of their design resources, a result of which included elimination of a separate design department at NAVPAC. The burden then shifted back to Fahl to demonstrate that the proffered explanation was pretext for discrimination. We agree with the District Court that he failed to meet this burden.

To establish pretext, a plaintiff must do more than deny the credibility of the employer's witnesses. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1282 (9th Cir. 2000). When an employer has offered legitimate business reasons for its actions, to avoid summary judgment, the nonmoving party must present evidence of pretext that is "specific" and "substantial" to create a triable issue. *Fielder v. UAL Corp.,* 218 F.3d 973 (9th Cir.2000). The only evidence Fahl offers to undermine the Navy's explanation for his termination is that the explanation was offered by the same people Fahl claims discriminated against him, and that there was a continuing emphasis on the importance of interior design within the Navy.

The first piece of evidence is insufficient under *Coleman,* 232 F.3d at 1282, and the evidence regarding the importance of design in general does nothing to undermine the Navy's explanation of the reorganization of its design facilities and centralization in the Southwest Division at San Diego. Fahl was never replaced by another

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

employee, nor was the other designer whose job was also eliminated. Fahl's previous responsibilities were never taken on by another employee. Fahl introduced no specific or substantial evidence to show a continuing need for his position, and as a result this claim was properly rejected.

 Fahl also failed to establish a prima facie case of impermissible retaliation under the discrimination statutes, because he was unable to show a causal link between his protected activity (complaints about discrimination), and adverse employment action (his reduction in force). *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994). Fahl offered no evidence connecting his termination with his complaints. Even if he had established a prima facie claim here, it would ultimately fail under the burden to demonstrate pretext that doomed his discrimination claims. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1124 (9th Cir.2004).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.