**Esther GALVEZ, Plaintiff–counter–defendant–Appellant,**

v.

**ATRONIC AMERICAS LLC, Defendant–Appellee,**

**Atronic Systems, Inc, Defendant–counter–claimant–Appellee.**

No. 05–17129.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Esther Galvez, Las Vegas, NV, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Accordingly, we deny Galvez's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard M. Trachok, II, Esq., Wesley C. Shelton, Esq., Morris Pickering & Peterson, Las Vegas, NV, for Defendant–Appellee.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Esther Galvez appeals pro se from the district court's summary judgment dismissing her Title VII action alleging that her former employer discriminated and retaliated against her by denying her continued health insurance benefits under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994), we affirm.

The district court properly granted summary judgment in favor of defendants because Galvez failed to present evidence that she was treated differently from other individuals or that there was any link between her complaints and the denial of her COBRA benefits. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir.2002) (describing elements of prima facie case of discrimination); *Folkerson v. Circus Circus Enterprises, Inc.*, 107 F.3d 754, 755 (9th Cir.1997) (describing elements of prima facie case of retaliation). Rather, the uncontroverted evidence shows that Galvez lost her COBRA benefits because she failed to pay the required premium.

Because Galvez' breach-of-contract claims are predicated on the loss of her COBRA benefits, those claims must also fail.

Galvez' remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

