Arlene THOMPSON; Donna Jerez,
Plaintiffs——Appellants,

v.

GENENTECH, INC., Defendant—
Appellee.

No. 06–16676.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2008.*

Filed May 28, 2008.

———

Richard M. Rogers, Esq., Mayo & Rogers, San Francisco, CA, for Plaintiffs–Appellants.

Patricia K. Gillette, Esq., Greg J. Richardson, Esq., Orrick Herrington & Sut-

cliffe, LLP, San Francisco, CA, for Defendant–Appellee.

Before: O'SCANNLAIN and HAWKINS, Circuit Judges, and SELNA,** District Judge.

MEMORANDUM ***

Arlene Thompson and Donna Jerez ("Plaintiffs") appeal the district court's grant of summary judgment in favor of Genentech, Inc. ("Genentech") in their age and discrimination lawsuits. We affirm.

Although the district court concluded the Plaintiffs had established a prima facie case of discrimination (which Genentech does not challenge), Genentech articulated legitimate, nondiscriminatory reasons for eliminating Plaintiffs' positions as part of a corporate restructuring. Plaintiffs have not raised a triable issue of fact that these stated reasons were false and a coverup for a discriminatory decision. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 892 (9th Cir.1994).

In response to the company's proffered explanation of its decision to eliminate their positions, Plaintiffs continue to argue that this decision was unwise; however, the question is not whether the company made a good decision, but whether its stated reasons were pretextual. Plaintiffs admit they never heard anyone make a de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

rogatory remark about their age or gender and even the deposition quotes they point to as evidence are completely devoid of gender or age bias.

Plaintiffs' contention that their supervisor, Todd Pierce, treated their opposition to Voice over Internet Protocol ("VoIP") differently than the opposition of another employee because of their gender does not substantially advance their claim, because it compares apples and oranges—opposition at two different stages of implementation—and because no one testified that their VoIP opposition was the only or even the main reason that Plaintiffs' positions were eliminated. Nor does their allegation that they were not invited to attend some management meetings provide evidence of intentional discrimination without additional evidence as to who attended the meetings and what corporate areas were involved in such meetings.

The district court therefore correctly concluded that the plaintiffs failed to raise a genuine issue of material fact to preclude summary judgment on either their age or gender based discrimination claims. *See Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1094–95 (9th Cir.2005) (minimal evidence required to establish prima facie case, but once employer has articulated nondiscriminatory reasons for its actions, plaintiff must produce some direct evidence of discriminatory intent, or "specific and substantial" circumstantial evidence that the defendant's explanation is unworthy of credence).[1]

**AFFIRMED.**

---

1. Plaintiffs also brought a claim under the Equal Pay Act, but have waived this claim on appeal. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir.2005) (issues not specifically and distinctly argued in opening brief are waived).