**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SAVINA, | No. 09-15065 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00749-FJM |
| v. | |
| ROBERT REISER & COMPANY, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted January 11, 2010
San Francisco, California

Before: WALLACE, HUG and CLIFTON, Circuit Judges.

Savina appeals from the district court's summary judgment in favor of his

former employer, Robert Reiser & Company, Inc. (Reiser). The district court had

jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28

U.S.C. § 1291. We review the district court's summary judgment de novo,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004), and we reverse.

In this action, Savina alleges that he was terminated on account of his age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq., and an analogous Arizona statute (Arizona Act), A.R.S. § 41-1463. "We evaluate ADEA claims that are based on circumstantial evidence of discrimination by using the three-stage burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citations omitted). Under this framework, Savina must first establish a prima facie case of discrimination. *Id.* "[T]he burden then shifts to [Reiser] to articulate a legitimate nondiscriminatory reason for its employment decision." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994) (citation omitted). "Then, in order to prevail, [Savina] must demonstrate that [Reiser's] alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." *Id.*

The district court assumed, without deciding, that Savina had established a prima facie case. The district court also determined that Reiser had offered a legitimate, nondiscriminatory justification for Savina's termination. The district

court concluded, finally, that Savina had failed to show that Reiser's stated basis for his termination was pretextual and granted summary judgment to Reiser.

To survive summary judgment here, Savina must "introduce evidence sufficient to raise a genuine issue of material fact as to whether the reasons [Reiser] articulated are pretexts for age discrimination." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000). Savina may meet this burden either "(1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1127 (9th Cir. 2000) (citation omitted). Because Savina has produced evidence which could show that Reiser's proffered explanation for his termination lacks credibility, we reverse and remand.

Savina had been employed as a salesman by Reiser for nearly 10 years when he was terminated. Reiser states that it terminated Savina because of poor performance. When Savina was terminated in April 2006, however, he had made over $1.3 million in sales during the previous 10 months and was on track to achieve one of the best annual sales performances of his tenure with Reiser.

In response to this evidence demonstrating that Savina was performing competently as a salesman, Reiser points to alternative measures of Savina's performance: a panoply of complaints regarding Savina's work. These concerns included that Savina was not responsible for many of the sales attributed to him, that he failed to realize the sales potential of his territory, and that he failed to sell a variety of Reiser's products. Savina disputes Reiser's laundry list of accusations. Savina relies not only on his own detailed testimony, but also on the declarations of several former customers and a former co-worker. In sum, there are several genuine disputes of material fact relating to Reiser's complaints about Savina's performance. These disputes of fact show that Reiser's proffered justification for Savina's termination may be pretextual and these disputes of fact are sufficient to preclude summary judgment in favor of Reiser.

**REVERSED AND REMANDED.**