FILED

DEC 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LENORA HUMPHREY-BAKER,

        Plaintiff - Appellant,

  v.

UNITED AIRLINES INC. and DOES 1 - 20,

        Defendants - Appellees.

No. 08-57066

D.C. No. 5:07-cv-01093-VAP-JCR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 1, 2010
Pasadena, California

Before: PREGERSON, RIPPLE,[**] and GRABER, Circuit Judges.

Plaintiff Lenora Humphrey-Baker appeals from the summary judgment

entered in favor of Defendant United Airlines Inc. in this diversity case brought

under California's Fair Employment and Housing Act ("FEHA"). Defendant

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

terminated Plaintiff's employment after concluding that her disability prevented her from performing the essential tasks of her job as a customer service representative, even with a reasonable accommodation.  See Green v. State, 165 P.3d 118, 119 (Cal. 2007) (holding that the FEHA protects only employees with a disability who can perform the essential duties of the job with reasonable accommodation).  On de novo review, Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir. 1994), we reverse and remand.

Plaintiff testified that her essential duties as a customer service representative included working at the ticket counter and the gate area only.  She claims that she received no training in how to work at the loading ramp or in the baggage area, and only occasionally assisted in those areas.  Defendant, however, contends that all four potential job assignments were essential duties of a customer service representative at the time of Plaintiff's termination.  This dispute creates a genuine issue of material fact regarding which duties were essential to the customer service representative position at the time of Plaintiff's termination.

Furthermore, the district court erred by refusing to consider the May 8, 2006, report from Dr. Thorardson, which released Plaintiff to work as of June 13, 2006, with "no restrictions."  If a person can perform the essential duties of a job without an accommodation, a fortiori she can perform those duties with an accommodation.

2

Viewed in the light most favorable to Plaintiff, the release creates a genuine issue of material fact as to whether Plaintiff could perform the essential duties of her job <u>with</u> a reasonable accommodation at the time of her termination.

Finally, the district court did not abuse its discretion by holding that Plaintiff is judicially estopped from asserting that she can work <u>without</u> an accommodation. <u>Johnson v. Oregon</u>, 141 F.3d 1361, 1368–69 (9th Cir. 1998).  On remand, the trier of fact must decide whether Plaintiff could perform the essential duties of her job <u>with</u> a reasonable accommodation at the time of her termination.

REVERSED and REMANDED.