113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Priscilla A. HAGAN, Plaintiff-Appellant,
v.
STATE OF OREGON, DEPARTMENT OF HUMAN RESOURCES, VOCATIONAL
REHABILITATION DIVISION, Defendant-Appellee.
 No. 96-35575.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: SKOPIL, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court correctly held that the undisputed facts demonstrate that defendant's accommodations were reasonable, appropriate, and enabled appellant to perform her job. Moveover, appellant refused the offer to use an employer-provided cooling vest, which her own doctor described as a "reasonable strategy" for accommodating her medical condition. [E.R. at 33] Appellant thus was not a "qualified individual." 29 C.F.R. § 1630.9(d). Appellant complains that the cooling vest was not her preferred accommodation, but an employer has discretion to pick "between effective accommodations." 29 C.F.R. pt. 1630, app.; see Vande Zande v. State of Wis. Dept. of Admin., 44 F.3d 538, 546 (7th Cir.1995).
 
 
 3
 Appellant merely produced the minimum evidence necessary to create a presumption of discrimination--the temporal proximity between her complaints and the adverse employment action. Appellee rebutted the presumption by providing a legitimate, non-retaliatory reason for the action--appellant's poor job performance. As appellant produced no more evidence, summary judgment on her retaliation claim was proper. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 890-91 (9th Cir.1994).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3