114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur OKORIE, Plaintiff-Appellant,
v.
AMERICAN ASSOCIATION FOR ARTIFICIAL INTELLIGENCE, INC.;
Carol Hamilton; Daphne Black; Barbara Grosz,
Defendants-Appellees.
 No. 96-15090.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided May 23, 1997.
 
 Before: REINHARDT, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arthur Okorie worked in the mail room of the American Association for Artificial Intelligence (AAAI) for seven years. On March 24, 1994, AAAI fired him. Okorie sued AAAI and three AAAI employees (collectively, "AAAI"), alleging violations of federal civil rights laws and California state law. The district court granted summary judgment in AAAI's favor on all of Okorie's claims. On appeal, Okorie challenges two of the district courts rulings. Okorie argues: (1) AAAI discharged him because of his race in violation of 42 U.S.C. § 1981, and (2) under the terms of his employment agreement, AAAI was required to demonstrate good cause before terminating Okorie's employment.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 4
 I. Discriminatory Discharge Under 42 U.S.C. § 1981
 
 
 5
 In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court set forth a three-stage framework for the analysis of disparate treatment claims such as Okorie's. In the first stage the employee must establish a prima facie case by showing he was: (1) a member of a protected class; (2) performing his job "well enough to rule out the possibility that he was fired for inadequate job performance;" (3) discharged; and (4) replaced by an employee "with qualifications similar to his own, thus demonstrating a continued need for the same services and skills." Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1074-75 (9th Cir.1986); Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994).
 
 
 6
 If the employee establishes a prima facie case, then, in the second stage, "the burden ... shifts to the [employer] to articulate a legitimate nondiscriminatory reason for its employment decision." Wallis, 26 F.3d at 889 (quoting Lowe v. City of Monrovia, 775 F.2d 998, 1007 (9th Cir.1985), amended by 784 F.2d 1407 (9th Cir.1986)). Then, in order to survive summary judgment, in the third stage the employee must "produce enough evidence to allow a reasonable factfinder to conclude either: (a) that the alleged reason for [the employee's] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." Nidds v. Schindler Elevator Corp., No. 95-15090, 1996 WL 88-609, at * 5 (9th Cir. Dec. 24, 1996, as amended April 30, 1977) (emphasis in original).
 
 A. AAAI's Reason For Discharge
 
 7
 For purposes of this disposition, we can assume that Okorie, an African-American, established a prima facie case under the first stage of the McDonnell Douglas framework.
 
 
 8
 Under the second stage, AAAI was required "to articulate a legitimate nondiscriminatory reason for its employment decision." Wallis, 26 F.3d at 889 (internal citations omitted). AAAI satisfied this burden.
 
 
 9
 AAAI established that it fired Okorie because his performance was unsatisfactory on March 21, 1994, the day of an AAAI symposium at Stanford University. Carol Hamilton, Okorie's supervisor, told Okorie that he would be alone in the AAAI office on that day, and asked him to answer the telephones. Okorie nevertheless put the telephone lines on hold for at least twenty minutes while conducting a meeting. When Daphne Black, Okorie's coworker, returned to the office, she noticed that all of the phone lines were on hold. Black subsequently reported Okorie's behavior to Hamilton. As Hamilton's termination letter stated, AAAI's primary reason for firing Okorie was that he put the telephone lines on hold when he was instructed to answer the phones.
 
 
 10
 B. Okorie's Contention That AAAI's Stated Reason Was False
 
 
 11
 In the third stage of the McDonnell Douglas framework, because Okorie did not offer independent proof of discriminatory intent, but relied only on his prima facie case, he was required to demonstrate that the reasons proffered by his employer for his termination were false. Nidds, 1996 WL 880609, at * 5 n. 2; Hicks, 509 U.S. at 515. Okorie did not offer evidence demonstrating that AAAI's principal reason for firing him (because he put the phone lines on hold) was false.
 
 
 12
 Okorie concedes he was specifically told that his only job duty on March 21, the day of an AAAI symposium, was to answer the telephones. Okorie did not expressly deny that he put the telephone lines on hold, nor did he offer any other evidence showing that he did not. Despite Okorie's contention to the contrary, the testimony of Andrew Larsen, one of the outside salesmen with whom Okorie met on March 21, does not indicate that Okorie did not put the phone lines on hold. Instead, Larsen testified: "I recall the phone stopped ringing at some point, for approximately 20 minutes which enabled us to conduct business without interruption."[1]
 
 
 13
 We conclude the district court did not err in granting summary judgment against Okorie on his section 1981 claim.
 
 II. Breach of Employment Contract
 
 14
 Okorie next argues that, pursuant to either an implied or an express contract between him and AAAI, AAAI could only discharge him for good cause.
 
 
 15
 Whether or not he is correct, good cause for the discharge existed as has been demonstrated in Section I, supra. Placing the telephone lines on hold at the time of the AAAI symposium constituted good cause for discharge.
 
 III. Attorney Fees
 
 16
 We deny AAAI's requests for attorney fees under Rule 38 of the Federal Rules of Appellate Procedure and 42 U.S.C. § 1988 because Okorie's appeal is not frivolous. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990), cert. denied, 498 U.S. 1019 (1991) (observing that an appeal is considered frivolous under Rule 38 "if the result is obvious or the appellant's arguments are wholly without merit."); Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir.), cert. denied, 115 S.Ct. 510 (1994) (stating that, under section 1988, attorney fees are only awarded to prevailing defendants if a plaintiff's action was "frivolous, unreasonable or without foundation.").
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In his reply brief, Okorie argues that the reason Larsen testified that the phone lines were quiet for twenty minutes was that Daphne Black was answering the phone at the time. However, Larsen did not testify that the phone lines were answered for twenty minutes--he testified that the phones did not ring for twenty minutes (and that could only happen if the phones were on hold)