116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph W. YUN, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, of the United States,
Defendant-Appellee.
 No. 95-17296.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1997.
Decided June 2, 1997.
 
 Appeal from the United States District Court for the District of Hawaii, No. CV-94-00933-HG(FIY); Helen Gillmor, District Judge, Presiding.
 Before WHITE,* Associate Justice, Retired, and CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph W. Yun appeals the district court's grant of summary judgment in favor of Postmaster General Marvin T. Runyon. The central issue is whether Yun has established a material issue of fact regarding whether Runyon's asserted reasons for not promoting Yun are a pretext for age discrimination.
 
 
 3
 We conclude that Yun has not established a material issue of fact. Once the defendant introduced a legitimate, nondiscriminatory reason for its employment decision, Yun needed to go beyond the mere McDonnell Douglas prima-facie-case factors in order to survive Runyon's motion for summary judgment. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). Most of the evidence that Yun points to on appeal--the relative experience of the hired candidates, the ages of the hired candidates, and Yun's eligibility for retirement--merely are minimal prima facie case factors. See v. Green, 411 U.S. 792, 802 (1972). And, as the district court noted, Hee's supposedly inconsistent statements about the relevance of "people skills" do not relate to age discrimination. The only other evidence that Yun provides beyond his prima facie case are Hee's statements that Yun was part of the "old guard" and had "been around too long." These statements do not on their face pertain to age, and the statements easily were explained. The "old guard" statement was elicited by Yun's counsel and referred to Yun's employment before the 1992 postal reorganization. The "been around too long" statement also referred to the length of Yun's employment, not his age; in context, it was a statement that Hee could not disparage Yun's knowledge of postal work because Yun had "been around too long." In sum, Yun has not produced any specific evidence that indicates age discrimination.See Lindahl v. Air France, 930 F.2d 1434, 1438 (9th Cir.1991). We therefore affirm the district court's grant of summary judgment in Runyon's favor.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Byron R. White, Associate Justice, United States Supreme Court, (Ret.), sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3