116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clinton BELL, Plaintiff-Appellant,
v.
SUPERIOR READY MIX CONCRETE, L.P., J. Brouwer Investments,
Inc.; Jacob Brouwer, Does 1-50, Defendants-Appellees.
Clinton BELL, Plaintiff-Appellee, Plaintiff-Appellee,
v.
SUPERIOR READY MIX CONCRETE, L.P.; J. Brouwer Investments,
Inc.; Jacob Brouwer, Does 1-50, 54-100,
inclusive, Defendants-Appellants.
 Nos. 95-56767, 96-55263.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997
Decided June 19, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California Edward J. Schwartz, Senior District Judge, Presiding
 
 
 2
 Before: THOMPSON, and T.G. NELSON, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 3
 MEMORANDUM*
 
 A. Disability Discrimination
 1. Disability
 
 4
 Bell submitted evidence that his permanent cervical spine condition precludes his ability to perform any heavy labor and results in intense pain which prevents him from sleeping. This evidence is sufficient to raise a genuine issue of material fact as to whether he is substantially limited in the major life activity of working and sleeping. See 29 C.F.R. Pt. 1630, App.; 29 C.F.R. § 1630.2(i).
 
 2. Discriminatory Discharge
 
 5
 Bell submitted evidence that he was told by Brouwer that he was being discharged, in part, because the insurance company did not want him on the job. Furthermore, there was evidence that defendants received records of Bell's injury and major surgery from the insurance company. This evidence is sufficient to raise a genuine issue of material fact as to whether Bell was discharged because of his disability or perceived disability.
 
 3. Legitimate Nondiscriminatory Reason
 
 6
 Defendants claim that Bell was discharged because of customer complaints and a poor driving record. These are legitimate, nondiscriminatory reasons for the discharge. Therefore, the burden shifted back to Bell to raise a genuine issue of material fact as to whether the defendants' stated reasons for discharging him were pretextual. See Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991).
 
 4. Pretext
 
 7
 a. Customer Complaints
 
 
 8
 Bell drove for Superior for ten years and at the time that he was discharged he had only one customer complaint in his file (a complaint that was over four years old). Bell presented evidence that although the defendants allege that they received between thirty-six and one hundred and fifty complaints about Bell between 1988 and 1993, no warnings were ever made to Bell; he was never disciplined or "counseled" in any way about the alleged complaints; only one other complaint has been identified by the defendants and the evidence of this complaint was obtained by the defendants in February 1994, after Bell was discharged and had filed a claim of discrimination;[1] after ten years of employment, Bell's personnel file did not contain a single critical comment by a supervisor; and although the defendants allege that the lack of any criticism in Bell's personnel file was because the personnel files were maintained in a separate office, there were complaints in other drivers' personnel files. This evidence is sufficient to raise a genuine issue of material fact as to whether defendants' stated reason of customer complaints was a pretext.
 
 
 9
 b. Driving Record
 
 
 10
 Bell drove for Superior for ten years. The only reference that the defendants make to his driving record is an accident which occurred in May 1991, over two years before he was fired. Bell presented evidence that he was never "warned" about the accident, nor told that his driving was a problem; that there was no warning placed in his file regarding the accident; and that management did not suggest that Bell take additional driver or safety training. This evidence is sufficient to raise a genuine issue of material fact as to whether defendants' stated reason of a poor driving record was a pretext.
 
 B. Workers' Compensation
 
 11
 We decline to address the issue of whether Bell's California Fair Employment and Housing Act ("FEHA") claim is barred by the exclusive remedy of Workers' Compensation. The only California case interpreting the effect of the January 1, 1994, amendment to the FEHA, City of Moorpark v. Superior Court, 50 Cal.Rptr.2d 816 (Cal.Ct.App.1996), has been vacated and is being reviewed by the California Supreme Court. City of Moorpark v. Superior Court, 926 P.2d 968 (Cal.1996). Because it is likely that the California Supreme Court's decision will be issued while the present case is pending before the district court, we leave resolution of this issue to the district court, which will be guided by the Supreme Court's decision.
 
 C. Age Discrimination
 
 12
 Bell has failed to point to evidence in the record that supports the fourth element of a prima facie case for age discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)--that he was replaced by a substantially younger employee with equal or inferior qualifications. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994). Bell did, however, present some direct evidence of discriminatory intent.
 
 
 13
 In his declaration in opposition to the summary judgment motion, Bell stated he was told that one of the reasons he was fired was "because of my age." This direct evidence of discriminatory intent was sufficient to establish a prima facie case of age discrimination. See Schnidrig v. Columbia Mach., Inc., 80 F.3d 1406-1409 (9th Cir.1996) ("When a plaintiff does not rely exclusively on the [McDonnell ] presumption but seeks to establish a prima facie case through submission of actual evidence, very little such evidence is necessary to raise a genuine issue of fact regarding an employer's motive; any indication of discriminatory motive may suffice to raise a question that can only be resolved by a fact finder.") The burden then shifted to Superior to articulate a legitimate nondiscriminatory reason for firing Bell. See id. at 1410.
 
 
 14
 Superior asserted as its reasons for firing Bell his inability to cooperate with customers and his poor driving history. As we have stated, however, Bell presented sufficient evidence to raise a genuine issue of material fact that these stated reasons were pretextual. Therefore, summary judgment was inappropriate on Bell's age discrimination claim.
 
 D. Breach of Implied Employment Contract
 
 15
 The only evidence that Bell submitted in support of his implied-in-fact contract claim is that he had been employed by Superior for ten years; that in the job he held prior to being employed by Superior, just cause was required for discharge; that he was not criticized for his work performance; and that he had received regular pay increases. This evidence is insufficient to raise an issue of fact as to whether there was an implied-in-fact contract, see Davis v. Consolidated Freightways, 34 Cal.Rptr.2d 438, 444-46 (Cal.Ct.App.1994), and summary judgment as to this claim was proper.
 
 E. Attorneys' Fees
 
 16
 Bell's claims are neither unreasonable, frivolous nor without foundation. The district court's denial of attorneys' fees was therefore proper.
 
 Conclusion
 
 17
 The district court's grant of summary judgment on Bell's disability and age discrimination claims is reversed and remanded for further proceedings consistent with this memorandum. The district court is affirmed on all other issues.
 
 
 18
 REVERSED and REMANDED in part, and AFFIRMED in part. No costs allowed.
 
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This written complaint, dated February 1994, alleges that the incident on which the complaint is based occurred in late June or early July 1993