120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack SIMPSON, Plaintiff-Appellant,
v.
CITY OF RENO, A Municipal Corp., John Loete, Jointly and
Severally, Defendants-Appellees.
 No. 96-16020.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1997.
Decided July 10, 1997.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and WALLACH.**
 
 
 2
 MEMORANDUM*
 
 
 3
 Only age discrimination not sex and disability discrimination was urged on appeal. Accordingly, we decide only the issue of whether the evidence on the age discrimination claim sufficed to establish a genuine issue of fact.
 
 
 4
 Simpson established a prima facia case, in that he showed that he was over forty, performing his job satisfactorily, and discharged. Wallace v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994). The usual fourth element, replacement by a younger employee with no better qualifications, need not be satisfied in a reduction in force case, Rose v. Wells Fargo & Co., 902 F.2d 1417, 1422 (9th Cir1990) and likewise is inappropriate to a reorganization case. The plaintiff in a reorganization case must show that the employer "had some continuing need for his skills and services in and that his various duties were still being performed," id., and that part of the case was made out. Somebody still had to supervise the motor pool--the foreman so far as the evidence suggests. The evidence also established at least a genuine issue as to whether the city continued to have somebody supervising the foreman--previously Simpson, and subsequently Parsons. Because the replacement element is treated with "some flexibility," Simpson established his prima facia case. See Nidds v. Schindler Elevator Corp., --- F.3d ----, slip op. 4813, 4823-24 (9th Cir. 1 97) (as amended). The City met its burden of showing a legitimate nondiscriminatory reason, by submitting evidence that--reorganization would result in at least as great productivity for less money. Cf. Nidds, slip op. at 4824.
 
 
 5
 The difficult issue in the case is whether Simpson established sufficient evidence of pretext to go to the jury. We held in Lindahl v. Air France, 930 F.2d 1434, 1438-39 (9th Cir.1991), that the employee's evidence sufficed to raise a genuine issue of fact where the employer's explanations of why it selected the other person were not credible.
 
 
 6
 Simpson argues that the City's decision to replace foremen skilled in the crafts they supervised with a person skilled in organizational values was necessarily pretextual. Such a decision is not necessa rily pretextual. An employer could decide that "MBA" type skills were a more efficient way to maximize performance by workers supervised, even if the overall supervisor did not have "hands-on" skills in the work performed.
 
 
 7
 But Simpson's evidence goes further than showing lack of "hands-on" experience by his replacement. He submitted evidence that she did not meet the requirements of the job as specified in the City's job announcement. Simpson established a genuine issue of fact as to whether Parsons had "a valid class 3 driver's license" required as a minimum qualification. He also established a genuine issue of fact as to whether Parsons had "three years of progressively responsible experience in administering a complex program, including one year in a supervisory capacity," which the city had characterized as a "minimum." Parsons's deposition appears to establish a number of short term jobs, and the absence of "three years of progressively responsible experience in administering a complex program, including one year in a supervisory capacity."
 
 
 8
 The harder question is whether there is enough evidence to establish a genuine issue as to whether the true motive was age discrimination. The "sacred cows" comment is ambiguous, and we are unable to find in the record the evidence claimed in the reply brief and oral argument. Simpson argues that Loete did not deny age discrimination when Toone confronted him about it. But Toone's deposition does not provide a factual basis for that argument. Toone testified that he accused Loete of trying to force him out because of his age, but he did not testify that Loete was silent or did not deny his accusation. Toone testified that he didn't remember [Loete's] exact response. I don't think I paid much attention to what he said back."
 
 
 9
 At trial, Simpson must prove both that the City's alleged reason for reassigning his functions to Parsons was false, and also that age discrimination was the real reason. Nidds, F.3d at, slip c). at 4825 n. 2. But for purposes of surviving summary judgment, Simpson need only produce enough evidence to allow a reasonable factfinder to conclude either that the reason for his discharge was false, or alternatively that the true reason was age discrimination. Id. at ----, slip op. at 4825 n. 2. We need not decide whether Simpson produced sufficient evidence for a factfinder to conclude that the true reason for his discharge was age discrimination, because of the "either ... or" analysis of pretext in Nidd. The genuine issue of fact which Simpson established as to whether Parsons met the city's minimum qualifications of the new position entitled him to survive summary judgment. See Lindahl, 930 F.2d at 1438-39.
 
 
 10
 REVERSED.
 
 
 
 **
 The Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3