120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred L. COUSIN, Plaintiff-Appellant,
v.
QUALITY FOOD CENTERS INC., a Washington Corporation,
Defendant-Appellee.
 No. 96-35598.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 17, 1997.
 
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fred L. Cousin appeals pro se the district court's summary judgment for Quality Food Centers, Inc. in Cousin's action alleging race and age discrimination in violation of Title VII, 42 U.S.C. §§ 2000e TO 2000E-17. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.
 
 
 3
 Cousin contends that the district court erred by finding that the defendant did not terminate Cousin because of his race or age. We disagree.
 
 
 4
 To prevail on a Title VII claim based on racial discrimination, the plaintiff must first establish a prima facie case of discrimination thereby creating a presumption that the employer unlawfully discriminated. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its action. See id. at 253. The burden then shifts back to the plaintiff to show that the defendant's articulated reason was a pretext for discrimination. See id.
 
 
 5
 Assuming that Cousin established a prima facie case of discrimination, the burden shifted to Quality Foods to produce evidence of a legitimate, nondiscriminatory explanation for Cousin's discharge. Here, Quality Food met this burden by submitting evidence that Cousin was terminated for refusing to obey his supervisor's instructions on two separate occasions, and verbally threatening his supervisor after being asked to work faster. Cousin was required to respond to Quality Food's explanation with "specific, substantial evidence" that this explanation was pretextual. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994). This he failed to do. Accordingly, the district court properly granted summary judgment for the defendant. See id.
 
 
 6
 As to Cousin's age discrimination claim, Cousin presented no evidence establishing a prima facie case of age discrimination. Accordingly, the district court properly summary judgment on this issue. See id. at 891.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Cousin's request for oral argument is denied
 In addition, Cousin's motions to file supplemental excerpts of record, a supplemental brief, and supplemental excerpts to accompany the reply brief are denied.
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3