142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen LINDER, Plaintiff-Appellant,
v.
PACIFIC DATAWARE, INC., an Oregon corporation; Richard
Grossman, Defendants-Appellees.
 No. 97-35196.
D.C. No. CV-95-01550-HA.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the District of Oregon Ancer L. Haggerty, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Karen Linder appeals the district court's grant of summary judgment to Pacific Dataware, Inc. (Datatware)[1] in her action alleging wrongful termination.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 Linder contends that the district court erred by concluding that Linder failed to raise a genuine issue of material fact as to whether she was fired because she was pregnant.
 
 
 4
 We review de novo the district court's grant of summary judgment. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 730 (9th Cir.1986). "This Court has set a high standard for the granting of summary judgment in employment discrimination cases." Schnidrig v.. Columbia Mach., Inc., 80 F.3d 1406, 1410 (9th Cir.1996) "If a rational trier of fact could, on all the evidence, find that the employer's action was taken for impermissibly discriminatory reasons, summary judgment for the defense is inappropriate." Id. at 1410 (quoting Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994)).
 
 
 5
 Because Linder established that (1) she was a member of a protected class (she was pregnant), (2) she suffered an adverse employment action (she was fired) and (3) the temporal proximity between informing her employer of her pregnancy and being fired supports an inference of causation (six hours), Linder established a prima facie case of discrimination. See Miller, 797 F.2d at 730-33. Moreover, Linder produced sufficient evidence to raise a genuine issue of material fact as to whether Dataware's proffered non discriminatory reasons were pretextual. See id. at 732. Evidence that Grossman was planning to promote Linder raises a triable issue as to when the decision to fire Linder was made and whether it was because she was pregnant. Because a rational trier of fact could conclude that Dataware fired Linder because she was pregnant, summary judgment in favor of defendants was inappropriate. See Schnidrig, 80 F.3d at 1410.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 By order filed April 1, 1997, defendant Richard Grossman was dismissed from the appeal under FRAP 42(b) pursuant to stipulation of the parties
 
 
 [2]
 Linder's complaint included allegations arising under Title VII, the American's with Disabilities Act, and numerous state law claims