Nina A. BUSBY; Lloyd Buzz Busby, Plaintiffs—Appellants,

v.

James P. KRAMER, individually and in official capacity as Sheriff of Daniels County, MT; Lonne Faanes, individually and in official capacity as law enforcement officer of Daniels County, MT; Daniels County, Defendants—Appellees.

No. 00–35375.
D.C. No. CV–98–00116–JDS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Nov. 9, 2001.

---

Before FERGUSON, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM *

This case involves summary judgment on hostile work environment and retaliation claims.

## I. Hostile Work Environment

Nina Busby's first claim is that she was subjected to a hostile work environment in violation of Title VII. Title VII prohibits discrimination in employment "because of such individual's ... sex." [1]

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 42 U.S.C. § 2000e–2(a)(1) (2000).

Sexual harassment constitutes sex discrimination in violation of federal law.[2] However, in this case, the district court correctly found that Nina Busby did not allege sufficient facts to suggest that she was subject to sexual harassment. As she stated in her deposition, "That's true, he did not *sexually* harass me. He *harrassed* me." The only fact that Busby alleges which might possibly construed as sexual is that Faanes called her "girlie," "gal," "kiddo," and "missy" instead of what she preferred to be called, either "Nina" or "Sugar."[3] The district court did not err in deciding that this did not amount to sexual discrimination, as it cannot be reasonably understood to alter a "term, condition, or privilege of employment within the meaning of Title VII."[4]

■ Neither does Ms. Busby offer sufficient evidence to support her allegation that she was subject to discrimination or mistreatment on account of her sex, *i.e.*, because she is a woman. Absent a prima facie showing of sexual harassment, Busby would have needed to provide evidence of sex-based discrimination to have survived defendants' summary judgment motion.[5] In order to support a Title VII claim, the Supreme Court, in *Oncale v. Sundowner*, held that the plaintiff may choose any evidentiary route that proves "that the conduct at issue ... actually constituted discrimination because of sex."[6] In an attempt to prove sex discrimination, Busby claimed that a male dispatcher was not subject to the same treatment as the female dispatchers, because he was called by his first name, and not "girlie," and that Faanes didn't scream at him. However, Busby admitted that she could only think of three occasions when she had seen Faanes with the male dispatcher; so, her evidence of disparate treatment lacked sufficient foundation. It was not error for the district court to find that this did not constitute sex discrimination, where there was insufficient evidence to demonstrate a "general hostility to the presence of women in the workplace,"[7] or the creation of "disadvantageous terms or conditions of employment to which members of the other sex [were] not exposed."[8] There was no evidence that Faanes expressed hostility to women in the workplace, just that employees found him unpleasant and difficult to work with. Therefore, summary judgment was proper as to that claim.

## II. Retaliation

■ Busby also claimed that she was subject to unlawful retaliation by Faanes. The elements of a Title VII retaliation claim include: (1) that the employee was engaged in a protected activity, (2) the employee was thereafter subjected by his employer to an adverse employment action, and (3) establishment of a causal link between the protected activity and the adverse employment action.[9] This court has

**2.** *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 66–67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).

**3.** Nicknames seem to have been common in their workplace. Another officer went by "Skip," rather than his real name.

**4.** *Brooks v. City of San Mateo,* 229 F.3d 917, 927 (9th Cir.2000) (citations and internal quotation marks omitted).

**5.** *See, e.g., Sischo–Nownejad v. Merced Community College Dist.,* 934 F.2d 1104, 1109 (9th Cir.1991).

**6.** 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (citations and internal quotation marks omitted).

**7.** *Id.* at 80.

**8.** *Id.*

**9.** *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 891 (9th Cir.1994); *see* 42 U.S.C. § 2000e–3(a) (2000).

expanded the statute to include retaliation by a co-worker if the activity is severe enough to rise to the level of an adverse employment action.[10] Busby alleges that, after she refused Faanes's requests to disregard the requirements of the Criminal Justice Information Network, he retaliated against her. Faanes's alleged stalking of Busby is insufficient to demonstrate retaliation, because it occurred only after her resignation, when she was no longer an employee. Moreover, there is no evidence that Faanes's generally hostile activity was in retaliation for her reporting of his violations. Thus, the district court's grant of summary judgment was proper.

AFFIRMED.

---

**10.** *Fielder v. UAL Corp.*, 218 F.3d 973, 984–85 (9th Cir.2000).

