Darrel Lee **HARIG**, Plaintiff–Appellant,

v.

The **BOEING COMPANY**,
Defendant–Appellee.

No. 01–35960.

D.C. No. CV–00–01685–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Darrel Lee Harig appeals the district court's summary judgment in his action alleging wrongful termination in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601–2654 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994), and we affirm.

It is undisputed that Boeing terminated Harig for unexcused absences, and four days later refused to reinstate him because Boeing learned Harig made death threats against a co-worker.

The district court properly concluded that Boeing had good cause to not rein-state Harig once it learned of the death threats he made against a co-worker. Harig presented no evidence that Boeing discriminated or retaliated against him on the basis of FMLA leave. *See* 29 U.S.C. § 2615(a)(2). Therefore, the district court properly granted summary judgment to defendant on Harig's 29 U.S.C. § 2615(a)(2) claim.

The district court also properly determined that Harig did not set forth evidence sufficient to recover damages under the FMLA. *See* 29 U.S.C. §§ 2615 and 2617.

**AFFIRMED.**

Larry A. **GANTENBEIN**,
Plaintiff—Appellant,

v.

**UNION PACIFIC RAILROAD COMPANY**, Defendant—
Appellee.

No. 01–35670.

D.C. No. CV–98–00513–BLW.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

**852**

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM**

Larry A. Gantenbein appeals pro se the district court's summary judgment in his action alleging wrongful termination in violation of Title VII of the 1964 Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 888 (9th Cir.1994), and we affirm.

The district court properly granted summary judgment for Defendants because Gantenbein was no longer qualified to continue work as an attorney for Union Pacific after the Idaho State Bar recommended his suspension from the practice of law. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (Title VII); *Hernandez v. Hughes Missile Systems Co.,* 292 F.3d 1038, 1041–43 (9th Cir.2002) (ADA); *Wallis,* 26 F.3d at 891 (ADEA).

Gantenbein's motions to correct and augment the record are denied.

**AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elmo TAYLOR, Jr., Defendant– Appellant.**

**No. 01–30437.**

**D.C. No. CV–97–00236–JCC.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, and TASHIMA, and RAWLINSON, Circuit Judges.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).