**Ezell EDWARDS, Plaintiff—Appellant,**

v.

**USS–POSCO INDUSTRIES; et al., Defendants—Appellees.**

Nos. 04–16481, 04–16774.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed Feb. 21, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

756

---

Ezell Edwards, Oakland, CA, pro se.

Cory S. Anderson, Esq., Christopher A. Conkling, Pittsburg, CA, for Defendants–Appellees.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Ezell Edwards appeals pro se from the district court's summary judgment in his action under 42 U.S.C. § 1981 and California law, alleging racial discrimination and retaliation when USS–POSCO Industries and supervisor Lynnette Giacobazzi terminated Edwards' employment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 888 (9th Cir.1994), and we affirm.

The district court properly granted summary judgment on Edwards' race discrimination claim because Edwards failed to raise a triable issue that similarly-situated, non-minority employees were treated differently, and therefore failed to show a *prima facie* case. *See id.* at 889. Further, even if he had done so and thereby shifted the burden, USS–POSCO articulated a legitimate nondiscriminatory reason for terminating Edwards, by submitting evidence that he made a series of threats against employees and supervisors. *See id.*

The district court properly granted summary judgment on Edwards' retaliation claim because Edwards failed to raise a triable issue regarding a causal link between his racial discrimination complaints and his termination. *See Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000). Further, even if Edwards had shown a prima facie case, USS–POSCO satisfied its burden to show a legitimate nondiscriminatory reason for terminating Edwards. *See id.*

The district court properly dismissed Edwards' hostile work environment claim because Edwards did not allege any conduct by USS–POSCO that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (internal quotation omitted).

Edwards' remaining contentions are also without merit.

**AFFIRMED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.