**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ANNA VALLEE SWAN, | No. 08-16889 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00217-PMP-LRL |
| v. | |
| BANK OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted December 9, 2009
San Francisco, California

Before: COWEN,[**] GRABER and BYBEE, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Anna Vallee Swan, a former employee of Bank of America ("BOA"), appeals an order granting summary judgment in BOA's favor, disposing of her discrimination, retaliation, and slander claims. Swan contends that the district court erred in holding that Swan failed to: (i) establish a *prima facie* case of discrimination under the Age Discrimination in Employment Act ("ADEA"), (ii) establish that BOA's justification for her termination was pretext for discriminatory animus, (iii) timely file her Nevada discrimination claims, (iv) establish a claim under the Family and Medical Leave Act ("FMLA"), and (v) establish a claim for slander under Nevada law. We affirm.

## I.     STANDARD OF REVIEW

This court reviews *de novo* a district court's grant of summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor. *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999).

## II.    DISCUSSION

### A.    Swan's ADEA Discrimination Claim

The district court properly concluded that Swan's ADEA discrimination claim lacked merit. To establish a *prima facie* claim of discrimination under the

2

ADEA, an employee must demonstrate that she is (1) at least forty years old, (2) performed her job satisfactorily, (3) was discharged, and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise "giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)). "The requisite degree of proof necessary to establish a *prima facie* case for . . . ADEA claims on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1094 (9th Cir. 2005) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)).

Swan failed to establish the second element—that she performed her job satisfactorily. Early in her tenure with BOA, Swan received written warnings on three occasions indicating that if she did not improve her performance she risked termination. Additional evaluations in her personnel file indicate that throughout her tenure with BOA she performed satisfactorily with respect to certain tasks and poorly with respect to other tasks. Indeed, in 2005, she received written notifications of performance deficiencies and warnings of potential termination in February, June, and November. Despite these warnings and additional efforts by

3

BOA, Swan continued to perform poorly and, ultimately, was terminated for poor performance.

Moreover, the district court properly concluded that Swan failed to establish pretext. An employee may demonstrate pretext "'either directly by persuading the court that a discriminatory reason likely motivated [an employer] or indirectly by showing that [an employer's] proffered explanation is unworthy of credence.'" *Diaz*, 521 F.3d at 1212 (quoting *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093-94 (9th Cir. 2001)). At this stage, the employee must produce "specific, substantial evidence of pretext." *Coleman*, 232 F.3d at 1282.

BOA asserted that it terminated Swan for poor performance. Swan's allegations of stellar performance are insufficient to survive summary judgment. For example, Swan asserts that BOA paid her discretionary, merit-based bonuses in 2005 and that payment of these bonuses refutes BOA's justification of poor performance. Notably, there is nothing in the record to support these assertions and Swan cannot defeat summary judgment with mere conclusory allegations. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Further, during her deposition, Swan conceded that she had no reason to believe that the BOA officer who made the decision to terminate her (who also was a member of her protected class) terminated her on the basis of her age.

4

**B.     Swan's State-law Discrimination Claim**

The district court properly concluded that Swan's state-law discrimination claims were time-barred. Under Nevada law, "[n]o action . . . may be brought more than 180 days after the date of the act complained of." Nev. Rev. Stat. § 613.430. BOA terminated Swan on December 30, 2005, which started the clock for the statute of limitations. Swan filed a complaint with the Nevada Equal Rights Commission ("NERC") on June 27, 2006, which was 178 days after her termination. NERC issued a right-to-sue letter to Swan on November 24, 2006. Swan then waited approximately ninety days before filing her federal complaint. The statute of limitations tolled during the pendency of her complaint before the NERC. *See id*. ("When a complaint is filed with the [NERC] the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."). However, her state-law discrimination claims are untimely by approximately eighty-eight days.

**C.     Swan's FMLA Claim**

The district court properly granted summary judgment in BOA's favor on Swan's FMLA claim. To prevail on an FMLA interference claim, a plaintiff must establish "by a preponderance of the evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to terminate her." *Bachelder v.*

5

*Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001). The gist of Swan's claim is that she had a "stellar" employment history and that BOA began targeting her with frivolous disciplinary measures only after she gave notice of her intent to take FMLA-related leave. The record belies this assertion as there is ample documentation of her performance problems long before she gave notice of her intent to take FMLA-related leave.

Even if we were to look only at what transpired after her return from leave, Swan cannot establish that her termination is causally related to her leave. Swan offered temporal proximity as a means of establishing causation. However, BOA terminated Swan four months after her return from leave, which is too remote in time to support a finding of causation premised solely on temporal proximity. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (explaining in the context of a Title VII claim that "cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'"); *cf. Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (stating that "causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity"). Further, an employer is not

6

required to cease pursuing a disciplinary course of action against an employee that began before that employee took FMLA-related leave, simply because that employee took leave.

### D.     Swan's Slander Claim

The district court properly granted summary judgment in BOA's favor on Swan's slander claim. A statement is not defamatory "if it is absolutely true, or substantially true." *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 88 (Nev. 1993). This claim arises out of Swan's alleged request to transfer to a Texas branch office and a corresponding background check, which resulted in the Texas branch denying her transfer request. Swan contends that her supervisor slandered her when her supervisor told the Texas human resources department that Swan was on "final written warning" status. Contrary to Swan's assertion, the alleged statement was not defamatory. At the time her supervisor made the statement, Swan had received the June 2005 Action Plan, which stated that Swan's failure to improve her performance "may result in further disciplinary action up to and including termination." Her supervisor's summary of the June 2005 Action Plan as a "final written warning" is, at the very least, substantially true.

Moreover, the communication between Swan's supervisor and the Texas human resources department was a privileged, intra-corporate communication. "A

7

background investigation of an employee is subject to conditional privilege, and any defamatory statements therein are not actionable unless the privilege is abused by publishing the statements with malice." *Bank of Am. Nev. v. Bourdeau*, 982 P.2d 474, 475 (Nev. 1999) (per curiam). Swan presented no evidence that her supervisor's statement was motivated by malice. Swan's conclusory allegation that the statement was a lie and, therefore, made with malice, is insufficient to survive summary judgment.

Alternatively, Swan contended that the various disciplinary letters that BOA issued Swan were disingenuous and slanderous. This theory, too, lacks merit. Swan first asserted this theory in her opposition to BOA's motion for summary judgment, in violation of the "notice pleading" standard. Further, Swan failed to set forth any evidence as to the falsity of the statements in the disciplinary letters.

**AFFIRMED.**