NOT FOR PUBLICATION

FILED

JUN 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CHARLES IKEKWERE, | ) | No. 10-16316 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 5:08-cv-00234-JF |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| FOOTHILL-DEANZA | ) | |
| COMMUNITY COLLEGE | ) | |
| DISTRICT, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted June 14, 2011[**]
San Francisco, California

Before:   O'SCANNLAIN, FERNANDEZ, and BYBEE, Circuit Judges.

Charles Ikekwere appeals the district court's grant of summary judgment to

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Foothill-DeAnza Community College District on Ikekwere's claims for discrimination on account of race and national origin[1] and on account of disability.[2] We affirm.

We have reviewed the record de novo, as we must,[3] and agree with the district court that on the evidence presented,[4] no reasonable trier of fact could determine[5] that Foothill-DeAnza had discriminated against Ikekwere. That is, Ikekwere did not present sufficient admissible evidence to support a claim that Foothill-DeAnza removed him from its Respiratory Therapy Program on account of his race or national origin,[6] or a claim that it discriminated against him on

---

[1]42 U.S.C. § 2000d.

[2]29 U.S.C. § 794(a).

[3]Fleming v. Yuma Reg'l Med. Ctr., 587 F.3d 938, 940 n.2 (9th Cir. 2009).

[4]Foothill-DeAnza's assertion that the district court erred in admitting evidence is moot. See Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 812–13 (9th Cir. 2003).

[5]See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986); Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010); see also Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

[6]Simply put, Ikekwere's evidence will not support a determination of intentional discrimination. See Alexander v. Sandoval, 532 U.S. 275, 280, 121 S. Ct. 1511, 1516, 149 L. Ed. 2d 517 (2001); Monteiro v. Tempe Union High Sch.

(continued...)

2

account of his disability.[7]  That is especially so when we consider the special deference that we owe to those making academic decisions.  See Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1047 (9th Cir. 1999).

AFFIRMED.

---

[6](...continued)
Dist., 158 F.3d 1022, 1026 (9th Cir. 1998); see also Darensburg v. Metro. Transp. Comm'n, 636 F.3d 511, 522 (9th Cir. 2011); Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225 F.3d 1115, 1123–24 (9th Cir. 2000); Wallis v. J.R. Simplot Co., 26 F.3d 885, 890–91 (9th Cir. 1994).  His conclusory and speculative assertions of bias and conspiracy do not suffice.  See Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008); Thornton v. City of St. Helens, 425 F.3d 1158, 1167 & n.4 (9th Cir. 2005); Delange v. Dutra Constr. Co., Inc., 183 F.3d 916, 921 (9th Cir. 1999) (per curiam).

[7]Ikekwere made no showing that he was removed from the program on account of his disability.  See Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1058 (9th Cir. 2005); see also Walton v. U.S. Marshals Serv., 492 F.3d 998, 1003 n.1 (9th Cir. 2007).  Nor did he present evidence that he was deprived of any other educational benefit on that account.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088–89 (9th Cir. 2002) (discussing standards for reasonable accommodation).

3