FILED

AUG 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS VILLALTA; ANTHONY
PADILLA; GILBERT GUERRA;
DANIEL PEREZ,

        Plaintiffs - Appellants,

  v.

CITY AND COUNTY OF SAN
FRANCISCO,

        Defendant - Appellee.

No. 10-16006

D.C. No. 3:08-cv-04958-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 9, 2011
San Francisco, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and BEA, Circuit Judges.

Gilberto Guerra, Daniel Perez, Anthony Padilla, and Carlos Villalta appeal

from a grant of summary judgment to the City and County of San Francisco

Municipal Transportation Agency ("MTA") on their Title VII disparate treatment

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

claims. We have jurisdiction pursuant to 12 U.S.C. § 1291. Reviewing de novo, *Anthoine v. N. Cent. Counties Consortium*, 605 F.3d 740, 747 (9th Cir. 2010), we affirm.

Guerra failed to establish a prima facie case of workplace discrimination or retaliation because restricting his access to a computer database and to a photocopier did not "materially affect the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (discussing the third element of disparate impact claims) (internal alterations omitted); *see Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (applying similar standard to retaliation).

Even assuming Perez made out a prima facie case of discrimination, his work-related misconduct constituted a "legitimate, nondiscriminatory reason" for his dismissal. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (internal quotation marks omitted). Perez adduced no evidence that the employer's reason was pretextual.

Padilla and Villalta each made out prima facie cases of disparate treatment by showing that each was passed over for a promotion for which he was qualified in favor of a Caucasian employee. See *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). But MTA brought forward admissible evidence that it promoted

2

individuals who were rated as more highly qualified than either Padilla or Villalta during the interview process. And unlike the plaintiffs, neither had disciplinary records. Neither Padilla nor Villalta has brought forth evidence creating a triable issue of fact as to whether MTA's explanation was "unworthy of credence." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037, 1040–41 (9th Cir. 2005) (applying the standard enunciated by *Costa v. Desert Palace, Inc.*, 539 U.S. 90 (2003)).

For the foregoing reasons, the district court's summary judgment in favor of MTA is **AFFIRMED**.