NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAYLE MCCOY, Plaintiff-Appellant, v. BARRICK GOLD OF NORTH AMERICA, INC., Defendant-Appellee. | No. 16-16945 D.C. No. 3:15-cv-00188-LRH-WGC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 5, 2017[**]
San Francisco, California

Before: KOZINSKI and HURWITZ, Circuit Judges, and KEELEY,[***] District
Judge.

1.      McCoy argues that the district court improperly collapsed the burden-

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Irene M. Keeley, United States District Judge for the
U.S. District Court for the Northern District of West Virginia, sitting by
designation.

shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). But under any analytical framework, McCoy had the burden of providing some evidence that Barrick's proffered reason for his termination—poor job performance—was pretextual. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) ("[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.") (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

The district court properly concluded that McCoy failed to "raise a genuine factual question as to whether the proffered reason is pretextual." *Shelley v. Geren*, 666 F.3d 599, 609 (9th Cir. 2012). A single favorable performance review was insufficient to create a triable issue on pretext in light of McCoy's numerous undisputed safety violations. Replacement by a younger employee is part of a prima facie case of discrimination, but does not show pretext. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281–82 (9th Cir. 2000). Asking an employee who is eligible for retirement and performing unsatisfactorily about retirement does not give rise to an inference of age discrimination. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) ("[A] plaintiff cannot defeat summary judgment simply by making out a prima facie case") (citation and quotation marks omitted).

2.      Any claimed error from the district court's application of the "same-

actor inference" was harmless. The inference was immaterial because McCoy failed to show that his age caused his termination.

3.      The only evidence McCoy provided to support his claim that he was fired for claiming worker's compensation was that he was terminated eleven months after an October 2013 accident. The district court correctly concluded the temporal proximity of the two events was not sufficient to give rise to an inference of retaliation.

**AFFIRMED.**