NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIEN THI NGUYEN, | No. 23-55632 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-04327-VAP-AS |
| v. | |
| JOHN PHELAN, in his official capacity as Secretary of the Navy, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted April 11, 2025[**]
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Hien Nguyen, a woman of Vietnamese national origin,

appeals the district court's orders (1) denying in part her motion to compel,

(2) denying reconsideration of her motion for a discovery extension, (3) striking

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

her untimely exhibits in opposition to Defendant-Appellant John Phelan's (the Navy's)[1] motion for summary judgment and (4) granting the Navy's motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's discovery rulings for abuse of discretion. *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1119 (9th Cir. 2020). We review a district court's grant of summary judgment de novo. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 949 (9th Cir. 2020).

1.      Nguyen does not show that the district court abused its discretion in any of the challenged discovery orders. The district court is "vested with broad discretion to permit or deny discovery," and we will not disturb a "decision to deny discovery . . . except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal quotation marks and citation omitted). Nguyen fails to explain how the additional discovery she sought would have prevented summary judgment, so she has not shown prejudice. *See Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994). We similarly conclude that the court did not abuse its "broad discretion" to enforce

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), John Phelan, in his official capacity as Secretary of the Navy, is automatically substituted as Defendant-Appellee.

its local rules by striking Nguyen's untimely filed exhibits.[2]  *Id.* at 842 n.2.

2.      Nguyen failed to meet her burden to establish a genuine dispute of material fact sufficient to defeat summary judgment on her claims that the Navy discriminated against her under Title VII or the Age Discrimination in Employment Act (ADEA).[3]  "We combine the Title VII and ADEA claims for analysis because the burdens of proof and persuasion are the same."  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir. 1994).

Assuming without deciding that Nguyen established a prima facie case of discrimination, *see Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002), the Navy met its burden to "articulate some legitimate, nondiscriminatory reason for" Nguyen's poor performance reviews, failure to secure a third tour, and ultimate termination, *Opara v. Yellen*, 57 F.4th 709, 723 (9th Cir. 2023) (quoting *EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009)).  Nguyen then did not meet her burden to "show that the articulated reason is pretextual."  *Id.*

---

[2] Nguyen attached many of the same exhibits to her opening brief on appeal. Because those documents were not before the district court, the Navy's motion to strike those exhibits (Dkt. 32) is granted.  *See* Fed. R. App. P. 10(a).

[3] As a federal employee claiming discrimination against a government agency, Nguyen may recover only for allegedly discriminatory acts occurring within 45 days of her contact with an Equal Employment Opportunity counselor. *See* 29 C.F.R § 1614.105(a)(1); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).  We therefore consider only those events that Nguyen has alleged within that timeframe.  *See Lyons*, 307 F.3d at 1108.

Ample evidence establishes that Nguyen failed to complete basic assignments, required extra review or supervision, and lacked sufficient technical and communication skills, all leading to her poor reviews and termination. The same performance and communication problems, as well as funding issues, also prevented her from securing a third tour assignment.

Nguyen presents little to no evidence that the Navy's actions were "more likely motivated" by discrimination based on sex, race, national origin, or age. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256 (1981)). Nguyen cites a colleague's testimony that he had observed anti-Vietnamese discrimination at Nguyen's workplace and believes it still occurs, as well as offhand comments by coworkers characterizing her as "old." Even when construed in the light most favorable to her, however, Nguyen's evidence is neither "specific [nor] substantial" enough to show pretext. *Villiarimo*, 281 F.3d at 1062. Nor does she demonstrate that the Navy's explanations for its adverse actions are "unworthy of credence." *Chuang*, 225 F.3d at 1124 (quoting *Tex. Dep't of Cmty. Affs.*, 450 U.S. at 256). Because "'abundant and uncontroverted independent evidence' suggests that 'no discrimination . . . occurred,'" Nguyen at most creates "'a weak issue of fact'" insufficient to survive summary judgment. *Opara*, 57 F.4th at 724 (alteration in original) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148

4

(2000)).

3.      Nguyen fails to establish a prima facie hostile work environment claim under Title VII or the ADEA.  To do so, Nguyen must establish that she experienced unwelcome conduct because of a protected characteristic that was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment."[4] *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (quoting *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002)); *see also Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991) (noting hostile work environment claims are cognizable under the ADEA), *superseded by statute on other grounds as recognized by Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1041–42 (9th Cir. 2005).  We consider the totality of the circumstances, and the environment must "be both objectively and subjectively offensive." *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 648 (9th Cir. 2021) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

Nguyen fails to demonstrate that the environment she faced was objectively

---

[4] Because hostile work environment claims involve "repeated conduct," not just "discrete acts," we may consider all unlawful acts alleged so long as at least one falls within the 45-day period before Nguyen contacted the Equal Employment Opportunity (EEO) counselor.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115, 117 (2002); *see also* 29 C.F.R. § 1614.105(a)(1).  Nguyen's allegations satisfy that requirement, so we consider all arguments and evidence regarding her hostile work environment claim.

offensive or hostile. Once again, the only age-related statements Nguyen identifies as hostile are "offhand comments and isolated incidents," which "do not constitute a hostile or abusive work environment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1095 (9th Cir. 2008) (quoting *Faragher*, 524 U.S. at 788). The same applies to her colleague's comment about Nguyen's Master's degree, and the incident where he gestured towards the men's restroom and said, "Ladies first." These fall within the "ordinary tribulations of the workplace" that the objective hostility standard "filter[s] out." *Fried*, 18 F.4th at 648 (quoting *Faragher*, 524 U.S. at 788).

Nguyen fails to show how her colleague's poster display was objectively offensive, or how it related to one of her protected characteristics, given her testimony that she felt the poster threatened "people who work hard." Nguyen also does not explain why it was objectively offensive for one of her Team Leads to deny that he was her "supervisor" and suggest she did not understand her managerial structure, whether or not he was correct.

4.      Nguyen also fails to establish a prima facie Title VII or ADEA retaliation claim. To state a prima facie claim, Nguyen must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the two. *Maner v. Dignity Health*, 9 F.4th 1114, 1127 (9th Cir. 2021) (applying the elements of a retaliation claim under Title VII); *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007)

(applying the same elements under the ADEA).

First, Nguyen establishes no causal connection between her contact with the EEO counselor and her termination. Even though the two events were close in time, the record shows that those involved in her termination were unaware that she had contacted the EEO counselor. Therefore, temporal proximity is insufficient to establish causation. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003).

Second, Nguyen's complaint to her supervisor about the poster display was not protected activity because she did not oppose "conduct [constituting] an unlawful employment practice" and she did not "participat[e] in the machinery set up by Title VII [or the ADEA] to enforce [their] provisions" in making her complaint. *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) (quoting *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978)). Although Nguyen argues that her complaint qualifies as protected activity because a supervisor considered it so, Nguyen testified that she had complained out of fear for her ability to succeed based on hard work, not out of fear of discrimination based on a protected characteristic. *Cf. Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411–12 (9th Cir. 1987) (holding employee's opposition to radio show format change was not protected activity because he opposed the change for "personal reasons" related to his success at the radio station).

7

Finally, Nguyen's incomplete attempt to request formal reconsideration of her performance ratings is neither a protected activity nor an adverse employment action by the Navy.  *Cf. Hashimoto*, 118 F.3d at 680 (finding protected activity occurred where the claimant "participat[ed] 'in the machinery set up by Title VII'" (quoting *Silver*, 586 F.2d at 141)); *Poland*, 494 F.3d at 1180 ("An adverse employment action is 'any adverse *treatment* that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity.'" (emphasis added) (quoting *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000))).  Her decision not to follow through with the formal reconsideration process is not adverse treatment by the Navy.

**AFFIRMED.**